PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC,<br><br>        *Plaintiffs*,<br><br>v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>        *Defendant*. | Civil Action No. 5:22-cv-00069-RWS-JBB<br><br>**JURY TRIAL DEMANDED**<br><br><br>PUBLIC VERSION |

**PLAINTIFFS' OPPOSED MOTION TO STRIKE ONEPLUS'S EXPERT OPINIONS CONCERNING UNTIMELY DISCLOSED DEFENSES OF ALLEGED NON-INFRINGING ALTERNATIVES AND PROSECUTION HISTORY ESTOPPEL**

PUBLIC VERSION

# TABLE OF CONTENTS

Page

I. FACTUAL BACKGROUND ........................................................................................... 1

    A. OnePlus Did Not Disclose Non-Infringing Alternatives or Prosecution History Estoppel Theories During Fact Discovery ................................................. 1

    B. Non-Infringing Alternatives and Prosecution History Estoppel Theories Were First Disclosed in OnePlus's Rebuttal Expert Reports ................................ 3

    C. OnePlus Attempted to Inject Non-Infringing Alternatives Into Fact Discovery After Service of Rebuttal Expert Reports ............................................ 5

II. LEGAL STANDARDS ................................................................................................... 6

III. ARGUMENT .................................................................................................................... 7

    A. The Challenged Opinions Are Untimely Because They Were Not Disclosed During Fact Discovery. .......................................................................... 7

    B. The Challenged Opinions Are Untimely Because They Were Not Included in Opening Expert Reports ....................................................................... 9

    C. The Primrose Factors Weigh in Favor of Striking the Untimely Disclosed Defenses ................................................................................................................. 10

        1. The Importance of the Evidence ............................................................... 10

        2. The Prejudice to the Opposing Party of Including the Evidence ............. 11

        3. The Possibility of Curing Such Prejudice by Granting a Continuance. ............................................................................................. 12

        4. The Explanation for the Party's Failure to Disclose ............................... 13

    D. Specific Opinions to Be Stricken. ........................................................................ 13

IV. CONCLUSION ............................................................................................................... 14

PUBLIC VERSION

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*BMC Software, Inc. v. Servicenow, Inc.*,
   Civ. No. 2:16-CV903, 2016 WL 367251 (E.D. Tex. Jan. 29, 2016) .........................................7

*Cellular Communications Equipment LLC v. HTC Corp.*,
   No. 6:16-cv-363-KNM, Order (D.I. 163) .................................................................................6

*DataQuill Ltd. v. Huawei Techs. Co. Ltd.*,
   Civ. No. 2:13-CV-633, 2015 WL 9450821 (E.D. Tex. June 11, 2015) ....................................7

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
   344 F.3d 1359 (Fed. Cir. 2003) ......................................................................................7, 9, 12

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
   535 U.S. 722, 122 S. Ct. 1831, 152 L. Ed. 2d 944 (2002) ......................................................12

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
   No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344 (E.D. Tex. Apr. 20, 2017) ................6, 11, 13

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
   382 F.3d 546 (5th Cir. 2004) ..............................................................................................6, 10

*Realtime Data LLC v. EchoStar Corp.*,
   No. 6:17-CV-00084-JDL, 2018 WL 6266300 (E.D. Tex. Nov. 15, 2018) ............................6, 7

*ZiiLabs Inc., Ltd. v. Samsung Electronics Co. Ltd.*,
   Civ. No. 2:14-cv-203-JRG-RSP, 2015 WL 6690403 (E.D. Tex. Nov. 1, 2015) .............7, 9, 11

**Other Authorities**

Fed. R. Civ. P. 37(c)(1) ..............................................................................................................6, 10

OnePlus has violated the discovery rules and attempted to gain an unfair advantage by raising new defenses at the last minute. During discovery, Pantech sought, and OnePlus was obligated to provide, any non-infringing alternatives and any reasons why the asserted patents were limited by their prosecution history. OnePlus did not identify any non-infringing alternatives or give any specific reasons for prosecution history estoppel by the end of fact discovery. OnePlus's corporate representative even ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. OnePlus was also obligated to address these defenses in its opening expert reports, but it did not.

OnePlus's experts then raised these defenses for the first time in their rebuttal expert reports. This was too late and highly prejudicial to Pantech, who has no opportunity to explore or respond to the defenses. Accordingly, Pantech respectfully requests that the Court strike any opinion offered by a OnePlus expert, and exclude any expert testimony relating to, the untimely disclosed non-infringing alternatives and prosecution history estoppel defenses.

I.     **FACTUAL BACKGROUND**

    A.    **OnePlus Did Not Disclose Non-Infringing Alternatives or Prosecution History Estoppel Theories During Fact Discovery**

At the outset of fact discovery, Pantech propounded an interrogatory asking OnePlus to describe and provide certain information regarding any "acceptable, non-infringing alternatives to the inventions claimed in the Patents-in-Suit" that OnePlus contends existed or exist. Ex. A (Pantech First Set of Interrogatories) at Rog No. 7. Pantech also propounded an interrogatory asking OnePlus to provide the "basis for, and all facts, Documents, and circumstances supporting, evidencing, or otherwise relating to, each defense asserted by [OnePlus] in [its] Answer or otherwise in the Litigation." *Id*. at Rog 6. OnePlus's Eighth Affirmative Defense, as set forth in its Answer to the Complaint, is Prosecution History Estoppel. D.I. 15 at 22-23.

PUBLIC VERSION

Throughout the course of fact discovery, Pantech repeatedly asked OnePlus to supplement its responses to these interrogatories to elaborate on its positions regarding non-infringing alternatives as well as regarding its defenses. *See, e.g.,* Ex. B (Feb. 24, 2023 Letter Miller to Airan) at 4; Ex. C (Jul. 13, 2023 Letter Miller to Gass) at 3; Ex. D (Aug. 11, 2023 Letter Miller to Gass) at 3; Ex. E (Aug. 25, 2023 Email Miller to Gass).

Just prior to the close of fact discovery, OnePlus served its second supplemental responses to Pantech's interrogatories. Ex. F (Excerpts, Second Suppl. Interrogatory Responses). With respect to Interrogatory No. 7, related to non-infringing alternatives, OnePlus provided no substantive response. *Id.* at 39-40. With respect to Interrogatory No. 6, related to OnePlus's defenses, OnePlus addressed prosecution history estoppel by stating solely that, "pursuant to Federal Rule of Civil Procedure 33(d), relevant documents have been produced responsive to OnePlus's defense of Prosecution History Estoppel that Plaintiff may ascertain relevant information responsive to this Interrogatory, including but not limited to those bearing Bates nos. PANTECH_ONEPLUS0007198 – 10463." *Id.* at 37-38. The cited range of documents covers the full file histories produced by Pantech for each of the Asserted Patents. Miller Decl. at ¶ 2. Thus, as of the close of the fact discovery, OnePlus had not disclosed any substantive positions on any non-infringing alternatives or any particular basis for a prosecution history estoppel defense.

Pantech also propounded a 30(b)(6) deposition notice on OnePlus seeking its positions regarding non-infringing alternatives (Topic No. 56). Ex. G (Excerpts, Pantech Notice of Rule 30(b)(6) Deposition). OnePlus agreed to provide a witness regarding non-infringing alternatives and designated Zhonghua Zhu with respect to the topic.[1] Though Pantech initially agreed to take

---

[1] Initially, Ms. Luming Xue was designated for this topic, but that designation was later changed. *See* Ex. H, Xue Dep. Tr. at 88:14-25.

2

the deposition of Mr. Zhu after the close of fact discovery due to his availability, and jointly moved to do so (*see* D.I. 61), OnePlus later reneged on this agreement to produce Mr. Zhu, precipitating Pantech's filing of a Motion to Compel Knowledgeable Witnesses and Motion for Sanctions. D.I. 65 at 5-6. In response to the filing of Pantech's Motion, OnePlus agreed again to provide a witness on Topic No. 56. *See* D.I. 68 (Pantech Unopposed Motion to Withdraw Motion to Compel) ("OnePlus has agreed to provide knowledgeable witnesses for the Rule 30(b)(6) topics listed in Plaintiff's motion, specifically… SEP related topic nos. 5, 8, 9, 11, 12, 14, 22, and 56.").

At his October 19th deposition (for which topic 56 was designated), Pantech questioned Mr. Zhu regarding non-infringing alternatives as follows:

> **Q** Is OnePlus aware -- well, is OnePlus aware of any non-infringing alternatives to any of the patents asserted in this case?
>
> **A** Based on my discussion with my colleagues and the documents I have been involved with, we believe that OnePlus does not contend any non-infringement alternatives.

Ex. I, Zhu Dep. Tr. at 121:5-11.

> **Q** Does OnePlus contend that there are any non-infringing alternatives to any patent-in-suit in this case?
>
> [ ]
>
> **THE WITNESS:** (Speaking Mandarin.) (Through Interpreter) OnePlus does not contend non-infringement alternatives.

*Id.* at 126:21-127:11.

### B. Non-Infringing Alternatives and Prosecution History Estoppel Theories Were First Disclosed in OnePlus's Rebuttal Expert Reports

OnePlus's experts did not address non-infringing alternatives or prosecution history estoppel in their opening expert reports. It was with its service of rebuttal expert reports, on October 27, 2023 that OnePlus for the first time disclosed positions relating to non-infringing alternatives and prosecution history estoppel.

3

PUBLIC VERSION

With respect to non-infringing alternatives, OnePlus's technical expert, Dr. Kakaes, submitted a Rebuttal Non-Infringement Expert Report directed to the '839, '954, and '247 Patents. Ex. J (Excerpts, Kakaes Rebuttal Report). In that report, Dr. Kakaes set forth alleged non-infringing alternatives for the '839 Patent at Paragraphs 175-182, '954 Patent at Paragraphs 230-232, and '247 Patent at Paragraphs 273-278. *Id*. OnePlus's technical expert for the asserted '052 and '654 Patents, Dr. Kia, briefly addressed a non-infringing alternative for the '052 Patent at Paragraph 169 of his Rebuttal Expert Report. Ex. L (Excerpts, Kia Rebuttal Report).

OnePlus's damages expert, Dr. Mario Lopez, also addressed alleged non-infringing alternatives in his Rebuttal Report regarding damages. Ex. K. Specifically with respect to SEPs, Dr. Lopez asserts that "the evidence at matter here indicates that any ex ante value associated with the SEPs-in-suit is, at best, minimal." *Id.* at ¶ 75. In reaching that conclusion, Dr. Lopez presents an evaluation of the Patents-in-Suit relative to alleged non-infringing alternatives. *Id.* For example, with respect to the '839 Patent, Dr. Lopez states "I understand from Dr. Kakaes that LG Electronics proposed an alternative method for avoiding potential interference of signals transmitted from neighboring base stations at one of the SSO meetings in January 2008." *Id.* Mr. Lopez further asserts that "these SEPs provide at best only minor technical improvements over alternative that could have been implemented at the time of standardization. This shows that the value of the SEPs-in-suit are, at best, average value." *Id.* at ¶ 180; *see also id.* at ¶¶ 179 ("the '247 patent at best only provides very minor technical improvements and therefore is a low value patent (at best average) when compared to other SEPs within the standard."); 171 (ascribing average value to the asserted SEPs). Dr. Lopez calculates corrected figures that allegedly are based on this analysis. *Id.* at ¶ 180; *see also id.* at ¶¶ 200-203 (ascribing average value to asserted SEPs). Dr. Lopez also discusses his

analysis of the alleged non-infringing alternatives in connection with *Georgia-Pacific* factors 9-11. *Id.* at ¶ 219.

Dr. Lopez also addresses alleged non-infringing alternatives in the context of the non-SEPs. *Id.* at ¶¶ 226-230. With respect to these patents, Dr. Lopez again assigns the patent average value based on his consideration of non-infringing alternatives. *Id*. at ¶¶ 235-236, 253-254.

With respect to prosecution history estoppel, OnePlus's technical expert, Dr. Omid Kia, first presented a prosecution history argument in his rebuttal expert regarding non-infringement of asserted U.S. Patent Nos. 8,893,052 and 9,063,654. Ex. L. Specifically, Dr. Kia argues that, during prosecution of the '052 Patent, the applicant "argued away" certain scope of the patent regarding display of control interface. *Id.* at ¶ 187; *see also id.* at ¶¶ 186, 216 (to the extent they are presented as an estoppel argument).

**C.  OnePlus Attempted to Inject Non-Infringing Alternatives Into Fact Discovery After Service of Rebuttal Expert Reports**

As set forth above, OnePlus disclosed its alleged non-infringing alternatives for the first time in the October 27, 2023 rebuttal expert reports of Dr. Kakaes, Dr. Kia, and Dr. Lopez. Four days later, and nearly two months after the close of fact discovery, OnePlus served a supplemental response to Interrogatory No. 7 regarding non-infringing alternatives. *See* Ex. M (OnePlus Third Supplemental Interrogatory Responses); Ex. N (Oct. 31, 2023 Email OnePlus to Pantech). In its supplemental response, OnePlus incorporates by reference the discussions of non-infringing alternatives set forth in its rebuttal expert reports and provides a narrative summary of such positions. Ex. M.

At that same time, OnePlus also stated that "in light of its supplemental interrogatory response, OnePlus is willing to designate Mr. Shaohua Peng regarding Rule 30(b)(6) Topic No. 66 [sic]." Ex. N (Oct. 31, 2023 Email OnePlus to Pantech). The only reason that OnePlus was able

5

to offer a fact witness on this topic was because Mr. Peng was being provided for a second deposition in response to Pantech's Motion to Compel Knowledgeable Witnesses.[2] *See* D.I. 65, 68. Although OnePlus was ostensibly offering a corporate witness regarding non-infringing alternatives, OnePlus stated: "OnePlus notes, however, that the extent of OnePlus's knowledge of 'facts related to any acceptable, non-infringing alternatives to the inventions claimed in the Patents-in-Suit' is contained within its supplemental response to Interrogatory No. 7." *Id.*

## II.   LEGAL STANDARDS

A party may not use at trial information it failed to timely disclose under Fed. R. Civ. P. 26 unless such failure to disclose is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In performing a Rule 37(c)(1) harmless error analysis, courts in the Fifth Circuit weigh four factors:

(1) the importance of the evidence;

(2) the prejudice to the opposing party of including the evidence;

(3) the possibility of curing such prejudice by granting a continuance; and

(4) the explanation for the party's failure to disclose.

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

A Party putting forth non-infringing alternatives must timely disclose those alternatives during fact discovery. *See, e.g., Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344, at *3 (E.D. Tex. Apr. 20, 2017) (granting motion to strike non-infringing alternatives not disclosed until rebuttal expert report); *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266300, at *7 (E.D. Tex. Nov. 15, 2018) (striking non-infringing alternatives not disclosed during fact discovery period); *Cellular Communications Equipment LLC v. HTC Corp.*, No. 6:16-cv-363-KNM, Order (D.I. 163) at *3 (August 10, 2018,

---

[2] Notably, though the parties obtained an extension of time for depositions, the fact discovery period itself was not extended. *See* D.I. 53, 61.

E.D. Tex.)("*CCE*")("Defendants were required to identify purported NIAs prior to their rebuttal expert report under Rule 26"); *DataQuill Ltd. v. Huawei Techs. Co. Ltd.*, Civ. No. 2:13-CV-633, 2015 WL 9450821 at *3 (E.D. Tex. June 11, 2015) (granting motion to strike discussion of non-infringing alternatives where not adequately disclosed prior to rebuttal expert report); *BMC Software, Inc. v. Servicenow, Inc.*, Civ. No. 2:16-CV903, 2016 WL 367251 at *3 (E.D. Tex. Jan. 29, 2016).

Furthermore, Defendants bear the burden regarding non-infringing alternatives and prosecution history estoppel and thus should address such issues in opening expert reports. *ZiiLabs Inc., Ltd. v. Samsung Electronics Co. Ltd.*, Civ. No. 2:14-cv-203-JRG-RSP, 2015 WL 6690403 at *2 (E.D. Tex. Nov. 1, 2015)("Disclosing this non-infringing alternative in the Lastra Report deprived ZiiLabs of a chance to offer competing expert testimony."); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1366 (Fed. Cir. 2003) (burden shifts to patentee only "if the accused infringer establishes that the amendment was a narrowing one").

### III. ARGUMENT

#### A. The Challenged Opinions Are Untimely Because They Were Not Disclosed During Fact Discovery.

OnePlus was under an obligation to disclose its non-infringing alternatives and prosecution history estoppel defenses during the fact discovery period. *See, e.g.*, *Realtime Data* 2018 WL 6266300, at *7; *CCE*, No. 6:16-cv-363-KNM, Order (D.I. 163) at *3; *DataQuill*, 2015 WL 9450821 at *3; *BMC Software,* 2016 WL 367251 at *3. OnePlus did not satisfy this obligation.

As discussed in detail in Section I, Pantech propounded interrogatories early in the lawsuit seeking OnePlus's positions regarding both non-infringing alternatives and the defenses set forth in its Answer to the Complaint, including prosecution history estoppel. Ex. A (Pantech First Set of Interrogatories) at Rog Nos. 6, 7. Though Pantech repeatedly requested such information over

7

the next eight months (*see, e.g.,* Exs. B-E), when OnePlus served its final responses to Pantech's discovery responses during the fact discovery period, it identified no non-infringing alternatives and merely cited to the prosecution histories for the asserted patents in support of its prosecution history estoppel defense without any particular limitations identified. Ex. F (OnePlus Second Suppl. Responses to First Set of Interrogatories), at Rog Nos. 6, 7. Pantech further sought deposition testimony regarding these issues. OnePlus's corporate representative on non-infringing alternatives confirmed OnePlus's interrogatory response and represented that "OnePlus does not contend non-infringement alternatives." Ex. I (Excerpts, Zhu Dep. Tr.) at 127:10-11.

It was not until rebuttal expert reports that OnePlus's experts first addressed non-infringing alternatives and prosecution history estoppel. *See infra* at Section I(B). Seemingly admitting that at least the non-infringing alternatives should have been disclosed during fact discovery, OnePlus followed up service of its expert reports with service of a supplemental interrogatory response four days later that recited the non-infringing alternatives that were set forth in the rebuttal expert reports. Ex. M (OnePlus Third Suppl. Responses to First Set of Rogs).

When OnePlus supplemented its interrogatory response, it also stated that its final corporate representative, Shaohua Peng, could be designated to discuss non-infringing alternatives. But a prior deponent had already been designated on, and provided testimony regarding, this topic. OnePlus was simply trying to take advantage of its prior discovery misconduct as a way to untimely inject non-infringing alternatives into this case. Specifically, when it was clear that OnePlus's corporate representatives were unprepared, Pantech moved to compel knowledgeable witnesses. D.I. 65. In response to that motion, OnePlus agreed to provide additional witnesses on the topics for which its witnesses were unprepared or for which it had reneged on a prior agreement to provide a witness. D.I. 68. Though OnePlus made this agreement

8

no later than October 11, 2023 (the date when Pantech filed a motion to withdraw its motion to compel), OnePlus stated that its final witness could not be available until the final week in October, *Id.* Ultimately, OnePlus did not offer up its final corporate witness (Mr. Peng) until November 1, 2023, five days after the deadline for rebuttal expert reports.

Designating Mr. Peng to address non-infringing alternatives did not, however, alleviate the harm caused by OnePlus's belated attempt to inject non-infringing alternatives into the case. While the parties had agreed that Pantech would have the opportunity to submit supplemental expert reports on the basis of any new information learned during the late-arising depositions, this was not meant to afford OnePlus the opportunity to slip positions into the case that it had been obligated to disclose during the fact discovery period. Moreover, OnePlus represented that Mr. Peng would not actually have information on this topic: "the extent of OnePlus's knowledge of 'facts related to any acceptable, non-infringing alternatives to the inventions claimed in the Patents-in-Suit' is contained within its supplemental response to Interrogatory No. 7." Ex. N (Oct. 31, 2023 Email OnePlus to Pantech). Thus, OnePlus made it clear that its witness would not be prepared to provide any testimony regarding the interrogatory response outside of the response itself, and no new information would be provided.

### B. The Challenged Opinions Are Untimely Because They Were Not Included in Opening Expert Reports.

Both non-infringing alternatives and prosecution history estoppel are defenses that OnePlus has to prove. *See, e.g.*, *Zii Labs*, 2015 WL 6690403 at *3 (stating that non-infringing alternatives should be disclosed during opening expert reports); *Festo Corp*. 344 F.3d at 1366 (Fed. Cir. 2003) (burden shifts to plaintiff only "if the accused infringer establishes that the amendment was a narrowing one"). Therefore, OnePlus's experts were required to disclose these defenses by

9

the deadline for "Parties with burden of proof designate expert witnesses." *See* D.I. 71 (Docket Control Order). But they did not.

Instead, the objectionable opinions were all offered by OnePlus in its rebuttal expert reports. In Dr. Kakaes's rebuttal expert report on non-infringement, he offered opinions regarding non-infringing alternatives for the '839, '954, and '247 Patents. Ex. J (Excerpts, Kakaes Rebuttal Report) at ¶¶ 175-182, 230-232, 273-278. In Dr. Lopez's rebuttal expert report on damages, he discussed and relied upon his understanding of non-infringing alternatives that he obtained from OnePlus's technical experts, Dr. Kakaes and Dr. Kia. Ex. K (Excerpts, Lopez Rebuttal Report) at, *e.g.*, ¶¶ 75, 229. Dr. Kia offered opinions regarding non-infringing alternatives and prosecution history estoppel in his rebuttal expert report on non-infringement. Ex. L (Excerpts, Kia Rebuttal Report) at ¶¶ 169, 187; *see also id.* at ¶¶ 186, 216 (to the extent they are presented as an estoppel argument).

For these additional reasons, OnePlus's experts' opinions regarding non-infringing alternatives and prosecution history estoppel should be stricken.

### C. The Primrose Factors Weigh in Favor of Striking the Untimely Disclosed Defenses

A party may not use at trial information it failed to timely disclose under Fed. R. Civ. P. 26 unless such failure to disclose is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). To determine whether the failure to disclose is "substantially justified or harmless," the Fifth Circuit considers four factors, which here weigh in favor of striking the untimely disclosed opinions. *Primrose*, 382 F.3d at 563-64.

#### 1. The Importance of the Evidence

Pantech does not deny that non-infringing alternatives and prosecution history estoppel offer important defenses to OnePlus. OnePlus's damages expert relies on the non-infringing

10

alternatives as both a way to tear down Pantech's damages expert's opinions and as a way to independently value the patents-in-suit. OnePlus's technical expert relies on prosecution history estoppel in support of its non-infringement positions. But that the evidence may be important to a party does not trump the other factors or act as a shield against having untimely opinions stricken. *See, e.g.*, *ZiiLabs*, 2015 WL 6690403 at *2-3 (finding non-infringing alternatives to be important to Defendant, but striking such alternatives where disclosure was untimely and prejudicial).

### 2. The Prejudice to the Opposing Party of Including the Evidence

OnePlus's failure to provide its non-infringing alternatives and prosecution history estoppel theories until rebuttal expert reports prevented Pantech from being able to meaningfully question any fact witness on the issues and prevented Pantech's experts from having the opportunity to offer competing expert testimony on these topics. In fact, when OnePlus's corporate witness was asked about non-infringing alternatives on October 19, 2023, *after* Pantech's opening expert reports had been served, he stated that "OnePlus does not contend non-infringement alternatives." Ex. I, Zhu Dep. Tr. at 127:10-11.

The Court in *Godo Kaisha IP Bridge 1* addressed this specific issue. In discussing whether a party could withhold certain information prior to expert discovery, the Court held that if such a practice were permitted "contention interrogatories would cease to be a discovery device because answers to such interrogatories would come only after expert reports had been served and after fact discovery closed. **Plaintiffs would be foreclosed from conducting discovery into non-infringing alternatives without leave of court. That is the prejudice, and it is substantial**." *Godo Kaisha IP Bridge 1*, 2017 WL 2869344, at *2 (emphasis added).

This Court also held in *ZiiLabs* that disclosure of non-infringing alternatives for the first time in rebuttal expert reports prejudiced the plaintiff because it "deprived [plaintiff] of a chance to offer competing expert testimony." *ZiiLabs*, 2015 WL 6690403 at *2. Though these cases

11

related to non-infringing alternatives, their reasoning holds true for any issue on which a party bears the burden of proof, including prosecution history estoppel.

Most troubling is that OnePlus's damages expert, Dr. Lopez, relies on the alleged non-infringing alternatives to opine that there is no evidence that asserted patents represent major technological inventions and that they are of very low value. *See, e.g.*, Ex. K (Lopez Rebuttal Report) at, *e.g.*, ¶¶ 75, 179, 226-230. Pantech and its experts should have been given the opportunity to investigate and address whether the alleged alternatives presented were actually available, non-infringing, and feasible and to analyze the value of the asserted patents as opposed to such alleged alternatives. But OnePlus's choice to wait until the final step in the process to make its disclosure took away this opportunity.

Similarly, with respect to prosecution history estoppel, the accused infringer has the initial burden to show that an amendment is narrowing, at which time the burden shifts to the patent owner to establish that the amendment was not for a reason of patentability. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 736, 122 S. Ct. 1831, 152 L. Ed. 2d 944 (2002); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1366-67 (Fed. Cir. 2003). Pantech should have been given the opportunity to address whether the amendment raised by OnePlus's expert is narrowing and whether the amendment was made for a reason of patentability. But again, OnePlus's choice to wait beyond the end of fact discovery and until rebuttal expert reports to make its disclosure took away this opportunity.

### 3. The Possibility of Curing Such Prejudice by Granting a Continuance.

Granting a continuance at this stage will only exacerbate the prejudice to Pantech from OnePlus's untimely disclosure. Pantech has already had to engage in a second round of depositions with OnePlus's corporate representatives after they were unprepared for the first round. Requiring Pantech to engage in a third round is a step too far. Furthermore, to cure the prejudice would

require that Pantech's experts be permitted to serve supplemental reports addressing the non-infringing alternatives and prosecution history estoppel and that another round of expert depositions be permitted.

The parties are only months away from trial at this point. If additional fact depositions, expert reports, and expert depositions are permitted, it appears inevitable that the trial date for this case will have to be pushed and OnePlus will be rewarded for its dilatory tactics.

### 4. The Explanation for the Party's Failure to Disclose

The final factor looks at the explanation for the party's failure to disclosure. OnePlus has offered no explanation for its failure to timely disclose its non-infringing alternatives and prosecution history estoppel theories. It appears from its earlier discovery responses that OnePlus may have considered these issues to be within the purview of expert testimony and thus OnePlus was exempt from having to provide responsive information during the fact discovery period. This position is not, however, supported by the law. *See, e.g., Godo Kaisha IP Bridge 1*, 2017 WL 2869344, at *2 (rejecting argument that identification of non-infringing alternatives need not be disclosed because it is a matter of expert testimony).

### D. Specific Opinions to Be Stricken.

As set forth in the previous sections, OnePlus's experts' opinions regarding non-infringing alternatives and prosecution history estoppel should be stricken. For Dr. Kakaes and Dr. Kia, the scope of the stricken testimony is clear. With respect to Dr. Kakaes, Pantech requests that Dr. Kakaes's opinions regarding non-infringing alternatives, set forth at Paragraphs 175-182, 230-232, and 273-278 of his report, be stricken and that Dr. Kakaes be precluded from offering any testimony regarding non-infringing alternatives at trial. With respect to Dr. Kia, Pantech requests that Dr. Kia's opinions regarding non-infringing alternatives and prosecution history estoppel, set forth at Paragraphs 169, 187, as well as Paragraphs 186 and 216 (to the extent they are presented

as an estoppel argument), be stricken and that Dr. Kia be precluded from offering any testimony regarding prosecution history estoppel and non-infringing alternatives at trial.

The testimony that Pantech seeks to strike from Dr. Lopez's report is less obvious and thus bears clarification. Pantech does not object to Dr. Lopez making the bare statements that "[f]or OnePlus the maximum that it would be willing to pay for the right to practice the technology covered by the patents-in-suit is driven by the incremental benefit of using the patented technology compared to what it could achieve using the next-best alternative," that "for a typical patent, the parties would be expected to negotiate a royalty that is based on the 'incremental value' of the invention, *i.e.*, the value of the invention over available alternatives." *See, e.g.*, Ex. K (Lopez Rebuttal Report) at ¶¶ 27, 44. Pantech further does not object to Dr. Lopez's bare critique of Dr. Putnam for not comparing the value of the asserted patents to available alternatives. *See, e.g.*, *id.* at ¶ 74. Pantech moves, however, to strike any discussion (and preclude any testimony at trial) by Dr. Lopez of an alleged alternative, the value of such alleged alternative, or the value of the asserted patents compared to any such alleged alternative. This includes, without limitation, Dr. Lopez's discussion at Paragraphs 75, 171, 179-180, 200-203, 219, 226-230, 235-236, 253-254. *Id*.

## IV.　CONCLUSION

OnePlus has repeatedly ignored its obligations in this case. It failed to disclose any non-infringing alternatives or prosecution history estoppel theories during the fact discovery period and further failed to address such issues in its opening expert reports. Rather, OnePlus waited until its rebuttal expert reports to disclose these defenses, thereby precluding Pantech and its experts from any opportunity to investigate the defenses or offer competing expert testimony. For these reasons, as well as those discussed within this motion, Pantech respectfully requests that this Court grant its Motion and strike OnePlus's experts' opinions regarding non-infringing alternatives and prosecution history estoppel and preclude OnePlus's experts from offering any testimony

regarding the same at trial. Pursuant to Local Rule CV-7(g), Pantech requests an oral hearing on the instant motion.

| | | |
|---|---|---|
| Dated: November 21, 2023 | By: | */s/ James A. Fussell, III* |

<div style="margin-left: 3em;">

Geoffrey Culbertson
Kelly Tidwell
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd. (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
(P) (903) 792-7080
(F) (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

James A. Fussell, III
Jamie B. Beaber
Saqib J. Siddiqui
Tiffany A. Miller
Baldine Paul
Clark S. Bakewell
Tariq Javed
Seth W. Bruneel
Courtney Krawice
MAYER BROWN LLP
1999 K Street, N.W.
Washington D.C. 20006
(202) 263-3000
jbeaber@mayerbrown.com
jfussell@mayerbrown.com
ssiddqui@mayerbrown.com
tmiller@mayerbrown.com
bpaul@mayerbrown.com
cbakewell@mayerbrown.com
tjaved@mayerbrown.com
sbruneel@mayerbrown.com
ckrawice@mayerbrown.com

Graham (Gray) M. Buccigross
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000

</div>

PUBLIC VERSION

gbuccigross@mayerbrown.com

Gregory J. Apgar
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC*

16

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of November, 2023, with a copy of this document via electronic mail pursuant to Local Rule CV-5(d).

*/s/ James A. Fussell, III*
James A. Fussell, III

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs Pantech Corporation and Pantech Wireless, LLC have complied with the requirements of Local Rule CV-7(h) governing this case. Specifically, the parties held a telephonic meet and confer on November 20, 2023 regarding the relief requested in this Motion. Counsel for Defendant indicated that Defendant opposes this Motion.

*/s/ James A. Fussell, III*
James A. Fussell, III

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ James A. Fussell, III*
James A. Fussell, III