PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC<br><br>  Plaintiffs,<br><br>v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>  Defendant. | Case No. 5:22-cv-00069-RWS-JBB<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSED MOTION TO STRIKE ONEPLUS'S IMPROPER EXPERT REBUTTAL OPINIONS CONCERNING PATENT EXHAUSTION**

PUBLIC VERSION

**I.      INTRODUCTION**

OnePlus has introduced certain expert testimony on a hotly disputed issue—patent exhaustion—for which it bore the burden of proof for the first time in its rebuttal expert report[1] of Dr. Apostolos K. Kakaes on October 27, 2023, thereby depriving Pantech of its right to provide expert testimony to rebut these opinions. These improper and belated opinions discuss "4G and 5G base station manufacturers and data usage from both T-Mobile [] and Verizon" and Dr. Kakaes' opinions that "based on publicly available data, AT&T's 4G and 5G network is composed of base stations provided by one or more of Ericsson, Nokia, and Samsung, similar to both Verizon and T-Mobile," among other new opinions concerning patent exhaustion, including how certain claim language of the relevant patents allegedly relates to base stations. *See* Ex. A (Kakaes Rebuttal Rep.) at ¶¶ 35-65. The improper opinions of Dr. Kakaes disclosed for the first time in his rebuttal report and never before disclosed in any other manner should be stricken.[2]

**II.     LEGAL STANDARD**

"The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). Patent exhaustion is an affirmative defense, and therefore the burden of proof lies with the defendant. *See Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1334 (Fed. Cir. 2006). Per this Court's Fourth Amended Docket Control Order, the deadline to disclose expert testimony on which a party bears the burden of proof was September 22, 2023. *See* Dkt. 71 at 4.

A party may not use at trial information it failed to timely disclose under Fed. R. Civ. P.

---

[1] Dr. Kakaes provided certain other opinions concerning patent exhaustion in his initial report. Those opinions are not within the scope of this motion.

[2] This motion to strike will be moot if Pantech's motion for summary judgment against OnePlus's patent exhaustion defense is granted.

1

26 unless such failure to disclose is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In performing a Rule 37(c)(1) harmless error analysis, courts in the Fifth Circuit weigh four factors:

> (1) the importance of the evidence;
>
> (2) the prejudice to the opposing party of including the evidence;
>
> (3) the possibility of curing such prejudice by granting a continuance; and
>
> (4) the explanation for the party's failure to disclose.

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

### III. ARGUMENT

There can be no serious dispute that Dr. Kakaes' rebuttal opinions on the issue of patent exhaustion, an issue on which OnePlus bears the burden of proof, were untimely. They were disclosed in Dr. Kakaes' rebuttal report on October 27, 2023 (*see* Ex. A), whereas the deadline for expert testimony on issues for which a party bears the burden of proof was September 22, 2023 (*see* Dkt. 71 at 4). Accordingly, the analysis passes to the *Primrose* factors, discussed below.

#### A. Dr. Kakaes' Improper Rebuttal Opinions Relate to an Important Issue

Patent exhaustion (if proven) is an affirmative defense to patent infringement, and OnePlus has been clear that it views patent exhaustion as a blanket defense to its infringement of the '247, '924, and '839 Patents. *See generally*, Ex. A at ¶ 65. Accordingly, should OnePlus's defense survive summary judgment, Pantech concedes that patent exhaustion will be an important issue in this lawsuit. However, that the evidence may be important to a party does not trump the other factors or act as a shield against having untimely opinions stricken. *See, e.g.*, *ZiiLabs Inc., Ltd. v. Samsung Electronics Co. Ltd.*, Civ. No. 2:14-cv-203-JRG-RSP, 2015 WL 6690403 at *2-3 (E.D. Tex. Nov. 1, 2015).

2

### B. Dr. Kakaes' Improper Rebuttal Opinions Prejudice Pantech

By only presenting opinions and evidence through the rebuttal opinions of Dr. Kakaes, OnePlus has deprived Pantech of any chance of introducing its own expert testimony in its own rebuttal, as it should have been able to do. In an analogous circumstance, this Court has criticized the introduction of expert opinions concerning noninfringing alternatives (another issue for which the accused infringer bears the burden of proof) in a rebuttal report, because "[d]isclosing this non-infringing alternative in the [rebuttal report] deprived ZiiLabs of a chance to offer competing expert testimony." *ZiiLabs*, 2015 WL 6690403 at *2-3 (striking untimely opinion). Pantech has been similarly prejudiced in these circumstances by being denied a rebuttal to Dr. Kakaes' opinions.

### C. Dr. Kakaes' Improper Rebuttal Opinions Cannot be Cured with a Continuance

A continuance would only substitute one form of prejudice to Pantech with another—a delayed trial. Should Pantech be instead permitted to introduce a rebuttal (to a rebuttal) opinion after the dispositive motion deadline, this could affect other trial deadlines, most importantly that of the jury trial, scheduled for March 25, 2024. *See* Dkt. 71. OnePlus did not move for a continuance and has not shown that one would be justified (and it would not be). Accordingly, the Court should not delay the case schedule simply to allow in Dr. Kakaes' belated opinion while giving Pantech a proper chance to rebut it.

### D. Dr. Kakaes' Nominal Rebuttal to Dr. Cooklev's Opinions Do Not Justify the Late Disclosure

OnePlus's only presumed explanation for the untimely opinions of Dr. Kakaes will be that they respond to certain opinions in the initial expert report of Pantech's own expert, Dr. Cooklev. In his initial report, Dr. Cooklev indeed set forth certain opinions related to patent exhaustion out of an abundance of caution. *See* Ex. B (Cooklev Rep.) at ¶¶ 52-53 (noting that "[t]he invention of

3

each of the Asserted Patents is implemented independently on the Accused Products from any

███████████████████████████████████████████████████████).

While not related to an issue on which Pantech bore the burden of proof, Pantech was unsure of whether OnePlus would actually offer expert testimony on patent exhaustion and did not wish to risk Dr. Cooklev's opinions being struck as improper rebuttal.

But whether Dr. Kakaes was prompted by Dr. Cooklev's report misses the point and does not justify his new rebuttal opinions—Dr. Kakaes's *complete* opinions should have been disclosed in his expert report, so that Pantech could have the right of rebuttal. Dkt. 30 at ¶ 2(a); Fed. R. Civ. P. 26(a)(2)(B)(i). Dr. Cooklev's report may have affirmatively pointed out certain flaws in OnePlus's case by noting an important consideration in an exhaustion analysis unaddressed by any evidence in the case, but this observation does not give Dr. Kakaes the license to introduce new opinions on an entirely new topic in his rebuttal report (namely, alleged usage of licensed base stations) in an attempt to fix the problem.

It would be one thing if Dr. Kakaes was merely clarifying his opinions in response to Dr. Cooklev's opinions,[3] but he is not. The opinions at issue are ones with no relationship to Dr. Kakaes' initial opinions. There is nothing justifying their late disclosure.

## IV. CONCLUSION

For the foregoing reasons, Dr. Kakaes' opinions at ¶¶ 35-65 of his rebuttal report are untimely, and their late disclosure is neither substantially justified nor harmless. Accordingly, these paragraphs of Dr. Kakaes' rebuttal report should be stricken.

Pursuant to Local Rule CV-7(g), Pantech requests an oral hearing on the instant motion.

---

[3] Arguably, this is what occurs in Paragraph 33 of Dr. Kakaes's report, where Dr. Kakaes simply relates his analysis from his initial report to a criticism by Dr. Cooklev—Pantech does not move to strike this opinion. *See* Ex. A at ¶ 33 ("However, as discussed in my opening expert report on invalidity of the Asserted Patents…").

PUBLIC VERSION

|  |  |  |
|---|---|---|
| Dated: November 21, 2023 | By: | */s/ James A. Fussell, III* |

                                            Geoffrey Culbertson
                                            Kelly Tidwell
                                            PATTON TIDWELL & CULBERTSON, LLP
                                            2800 Texas Blvd. (75503)
                                            Post Office Box 5398
                                            Texarkana, TX 75505-5398
                                            (P) (903) 792-7080
                                            (F) (903) 792-8233
                                            gpc@texarkanalaw.com
                                            kbt@texarkanalaw.com

                                            James A. Fussell, III
                                            Jamie B. Beaber
                                            Saqib J. Siddiqui
                                            Tiffany A. Miller
                                            Baldine Paul
                                            Clark S. Bakewell
                                            Tariq Javed
                                            Seth W. Bruneel
                                            Courtney Krawice
                                            MAYER BROWN LLP
                                            1999 K Street, N.W.
                                            Washington D.C. 20006
                                            (202) 263-3000
                                            jbeaber@mayerbrown.com
                                            jfussell@mayerbrown.com
                                            ssiddqui@mayerbrown.com
                                            tmiller@mayerbrown.com
                                            bpaul@mayerbrown.com
                                            cbakewell@mayerbrown.com
                                            tjaved@mayerbrown.com
                                            sbruneel@mayerbrown.com
                                            ckrawice@mayerbrown.com

                                            Graham (Gray) M. Buccigross
                                            MAYER BROWN LLP
                                            Two Palo Alto Square, Suite 300
                                            3000 El Camino Real
                                            Palo Alto, CA 94306
                                            (650) 331-2000
                                            gbuccigross@mayerbrown.com

                                            Gregory J. Apgar

PUBLIC VERSION

MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of November, 2023, with a copy of this document via email.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs Pantech Corporation and Pantech Wireless, LLC have complied with the requirements of Local Rule CV-7(h) governing this case. Specifically, the parties held a telephonic meet and confer on November 20, 2023 regarding the relief requested in this Motion. Counsel for Defendant indicated that Defendant opposes this Motion.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Clark S. Bakewell*
Clark S. Bakewell