IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>Defendant. | Case No. 5:22-cv-00069-RWS-JBB<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSED MOTION TO STRIKE ONEPLUS'S EXPERT OPINIONS CONCERNING INDEFINITENESS AND BASED ON AN <u>INCORRECT CLAIM CONSTRUCTION</u>**

PUBLIC VERSION

## I.  INTRODUCTION

OnePlus's technical expert for the asserted standard-essential patents, Dr. Kakaes, improperly and belatedly proffers claim construction opinions that OnePlus should have raised during claim construction proceedings, and that cannot be presented to a jury. First, Dr. Kakaes sets forth a noninfringement argument premised entirely upon his own proffered claim construction of a term that OnePlus had originally proposed for construction five months ago, but then dropped.  Dr. Kakaes' new claim construction is rooted in his inference from the prosecution history and patent specification of the '954 Patent that has not been adopted by the Court and which deviates from the term's plain and ordinary meaning. Second, Dr. Kakaes opines that all asserted claims of the '839 Patent are indefinite, despite OnePlus failing to raise such assertions during claim construction (and having unsuccessfully raised other indefiniteness assertions). Both of these claim construction opinions are improper and should be stricken, and Dr. Kakaes' reliance on his own improper claim construction to opine on non-infringement should be excluded under the *Daubert* standard.

## II.  LEGAL STANDARDS

"The purpose of claim construction is to 'determine the meaning and scope of the patent claims asserted to be infringed.'" *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc)). It is improper to submit questions of claim construction to the jury. *O2 Micro*, 521 F.3d at 1360. Thus, belated claim construction opinions are improper and may be stricken. *See Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:18-CV-00298-JRG, 2019 U.S. Dist. LEXIS 32575, at *11 (E.D. Tex. Feb. 28, 2019) ("Indeed, where a court has pre-scribed specific claim construction procedures and the parties have proceeded towards trial in reliance thereon, the court has discretion to 'preclude parties from injecting new claim construction

theories on the eve of trial.'") (citing *Bettcher Indus. v. Bunzl USA, Inc.*, 661 F.3d 629, 640-41 (Fed. Cir. 2011)).

Where an expert relies upon an improper claim construction, the resulting opinion "is irrelevant to the question of infringement" and therefore properly excluded under the well-known *Daubert* standard. *See United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG, 2022 U.S. Dist. LEXIS 82529, at *20 (E.D. Tex. April 17, 2022) (citing *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 913 (Fed. Cir. 2012)).

Additionally, "indefiniteness is a question of law and in effect part of claim construction." *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012). Indefiniteness opinions not raised during the claim construction process may also be stricken as untimely. *See Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2015 U.S. Dist. LEXIS 189122, at *6-7 (E.D. Tex. Jan 9, 2015) ("It appears Defendants now wish to circumvent the Court's claim construction process entirely and raise the indefiniteness issue with respect to these two terms—for the first time—before the jury. Defendants will not be accorded such opportunity.").

## III.   ARGUMENT

### A.   Dr. Kakaes Proffers an Improper Claim Construction for the "being set as a delegate CC" Term of the '954 Patent.

Dr. Kakaes improperly puts forth a particular construction regarding "delegate CC"—that "being set as a delegate CC" requires that the CC[1] is "selected" based on a particular "characteristic." *See* Ex. A (Kakaes Rebuttal Rep.) at ¶¶ 217, 219. Dr. Kakaes confirmed this at deposition: "█████████████████████████████████████████████████████████████████████████████████████████████

---

[1] "CC" is an acronym for "Component Carrier."

2

███████████." Ex. B (Kakaes Dep. Tr.) at 92:6-11. While Dr. Kakaes's phrased this as the "plain and ordinary meaning" of the term "set as a delegate CC" (*id.*), he admitted that ███████ ███████████████ *Id.* at 91:14.

As Dr. Kakaes explains in his non-infringement report, he arrived that this particular construction by first examining the prosecution history, and concluding that overcoming a particular rejection must result in particular resulting claim scope. *See* Ex. A (Kakaes Rebuttal Rep.) at ¶ 217 (citing the prosecution history's discussion of a particular prior art reference in the Notice of Allowance to argue that "[s]imply using a CC to be the 'representative' for the TAG is not sufficient"). He then examined the patent specification and concluded that it defines "delegate CC":

> The specification of the ''954 patent makes that clear. It states, in the "SUMMARY" of the alleged invention that "the one of more delegate CCs are selected by the UE based on a state of the UL timing group and characteristics of a plurality of CCs forming the UL timing group" (See '954 patent at c2:34-37).

*Id.* at ¶ 219. Dr. Kakaes then states that "at least non-Asserted Claims 7 and 8 provide specific examples of a CC is *[sic]* <u>selected</u> to be set as a 'delegate' <u>as the claim requires</u>." *Id.* (emphasis added); *see also* Ex. B (Kakaes Dep. Tr.) at 111:6-9 ("████████████████████████ ████████████████████████████████████████████████████"). This is textbook claim construction.

An expert "must view the terms in the context of their use in the patent but cannot rely on statements in the prosecution history to limit the ordinary meaning of the term. That is for the Court." *ZiiLabs Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, 2015 U.S. Dist. LEXIS 164442, at *8-9 (E.D. Tex. Dec. 8, 2015) ("A party has made an improper claim construction argument to the jury when it elicits testimony that goes to the scope of a claim."); *see also Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, 2022 U.S. Dist. LEXIS

3

242525, at *5-6 (E.D. Tex. Sept. 23, 2022) ("Dr. Rhyne clearly engaged in claim construction… the Court excludes [] any [non-infringement] opinions that rely on Dr. Rhyne's analysis of the prosecution history.").

OnePlus initially proposed "delegate CC" for construction in its P.R. 4-1(a) disclosures on February 15, 2023, but subsequently dropped any possible claim construction dispute on this term. *See* Ex. C (OnePlus's P.R. 4-1(a) disclosures) at 3. OnePlus has now waived any claim construction dispute on this term. It cannot effectively circumvent the claim construction process as set forth by this Court by waiting until the rebuttal expert reports to introduce a construction.

As this Court warned the parties over five months ago during the Claim Construction Hearing : "I hope the parties don't bring up any *02 Micro* disputes after the fact. I'd like to try and resolve things now." Ex. D (Claim Construction Transcript) at 69:12-14. Indeed, "where a court has prescribed specific claim construction procedures and the parties have proceeded towards trial in reliance thereon, the court has discretion to preclude parties from injecting new claim construction theories on the eve of trial." *Intellectual Ventures*, 2019 U.S. Dist. LEXIS 32575, at *11. There is no reason for a belated claim construction dispute, as Pantech's theories have not changed since it served its infringement contentions on November 21, 2021, and OnePlus dropped the term from its P.R. 4-1(a) disclosures. OnePlus cannot now offer a claim construction argument to the jury through a technical expert, in the guise of a non-infringement opinion.

Accordingly, the Court should strike Dr. Kakaes' claim construction opinions at paragraphs 217 and 219 of his noninfringement report.

### B. Dr. Kakaes' Non-Infringement Opinion for "set as a delegate CC for a respective second UL timing group" is Founded on His Improper Claim Construction and Should be Excluded.

Because Dr. Kakaes' noninfringement opinion for "set as a delegate CC for a respective second UL timing group" is built upon the foundation of his improper claim construction opinion

(established above), his noninfringement opinions regarding this claim limitation are unreliable and should be excluded under the *Daubert* standard.

Dr. Kakaes' noninfringement opinion for this particular claim limitation premised entirely on his improper claim construction opinion. First, he improperly construes the term, stating that "being set as a delegate CC" requires a particular construction in which the CC is "selected" based on a "characteristic." *See* Ex. A (Kakaes Rebuttal Rep.) at ¶¶ 217, 219 (addressed above). Second, he concludes that because "the Technical Specifications [do not] require or suggest that the CC that is used is selected based on any 'characteristic' of the set of CCs forming the UL timing group," there cannot be infringement. *See id.* at ¶¶ 214, 216, 218-220 ("This [infringement scope] is antithetical to the claimed 'delegate' as required by the claim"). But "selection" and "characteristic" are Dr. Kakaes' own imported terms from his claim construction—they are not requirements of the claim language and do not flow from its plain meaning, which governs.

Dr. Kakaes' noninfringement opinion (at paragraphs 211-220), which relies on a claim construction not adopted by the Court, must therefore be excluded under the *Daubert* standard. *See Fall Line Pats., LLC v. Zoe's Kitchen, Inc.*, No. 6:18-CV-00407-RWS, 2023 U.S. Dist. LEXIS 202988, at *11-12 (E.D. Tex. June 29, 2023) ("Gray has failed to reliably apply the legal principles of claim construction to the facts of the case. Thus, portions of Gray's opinions rest on unreliable legal foundations" and "must be excluded.").

### C.   Dr. Kakaes' Indefiniteness Opinions are Similarly Untimely and Should be Excluded.

Dr. Kakaes' invalidity report also provides opinions on alleged indefiniteness which, like belated claim construction opinions, should and could have been raised during the claim construction process. They are therefore untimely and should be excluded. *See ePlus*, 700 F.3d at 517 ("indefiniteness is a question of law and in effect part of claim construction").

Dr. Kakaes opines that, regarding the '839 Patent, "there is an uncertainty as to the correct interpretation of independent claim 9" and accordingly that "Claim 9 has issues that a POSITA would not be able to resolve with reasonable certainty." Ex. E (Kakaes Invalidity Rep.) at ¶¶ 65-66. After asserting that various purported grammatical errors (mostly placement of commas) render claims 9, 11, and 12 ambiguous, he parrots the legal standard for indefiniteness and concludes that the claims fail that standard: "in my opinion, **the claims fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention**." *Id.* at ¶¶ 67-72 (emphasis added). In fact, Dr. Kakaes acknowledges that this is the legal standard for indefiniteness in his section on legal understandings. *See id.* at ¶¶ 55-56. There is no aspect of ambiguity or uncertainty that will properly be before the jury. Indefiniteness is a claim construction issue that OnePlus cannot properly present to the jury in the guise of expert testimony. *See ePlus*, 700 F.3d at 517.

Defendants unsuccessfully raised various indefiniteness arguments during claim construction (*see generally* Dkt. 51 (claim construction order)), and could have raised the assertions that Dr. Kakaes now makes—that alleged grammatical errors render the claims indefinite. But as this Court explained in *Droplets*: "It appears Defendants now wish to circumvent the Court's claim construction process entirely and raise the indefiniteness issue with respect to these two terms—for the first time—before the jury. Defendants will not be accorded such opportunity." 2015 U.S. Dist. LEXIS 189122, at *6-7. Such should be the case here, and Dr. Kakaes' opinions at paragraphs 65-72 of his validity report should be struck as improperly raising an issue of indefiniteness.

**IV.   CONCLUSION**

For the foregoing reasons, Dr. Kakaes' noninfringement opinions at ¶¶ 217 and 219 of his rebuttal report should be struck as improperly raising an issue of claim construction on the eve of

trial; Dr. Kakaes' noninfringement opinions at ¶¶ 211-220 should be excluded under the *Daubert* standard for being premised on a claim construction not adopted by this Court; and Dr. Kakaes' invalidity opinions at ¶¶ 65-72 of his validity report should be struck as improperly raising an issue of indefiniteness.

Dated: November 21, 2023   By:   */s/ James A. Fussell, III*
Geoffrey Culbertson
Kelly Tidwell
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd. (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
(P) (903) 792-7080
(F) (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

James A. Fussell, III
Jamie B. Beaber
Saqib J. Siddiqui
Tiffany A. Miller
Baldine Paul
Clark S. Bakewell
Tariq Javed
Seth W. Bruneel
Courtney Krawice
MAYER BROWN LLP
1999 K Street, N.W.
Washington D.C. 20006
(202) 263-3000
jbeaber@mayerbrown.com
jfussell@mayerbrown.com
ssiddqui@mayerbrown.com
tmiller@mayerbrown.com
bpaul@mayerbrown.com
cbakewell@mayerbrown.com
tjaved@mayerbrown.com
sbruneel@mayerbrown.com
ckrawice@mayerbrown.com

Graham (Gray) M. Buccigross

PUBLIC VERSION

MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

Gregory J. Apgar
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of November, 2023, with a copy of this document via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs Pantech Corporation and Pantech Wireless, LLC have complied with the requirements of Local Rule CV-7(h) governing this case. Specifically, the parties held a telephonic meet and confer on November 20, 2023 regarding the relief requested in this Motion. Counsel for Defendant indicated that Defendant opposes this Motion.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

1