# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC <br><br>                 Plaintiffs, <br><br> v. <br><br> ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., <br><br>                 Defendant. | Case No. 5:22-cv-00069-RWS <br><br><br> **JURY TRIAL DEMANDED** <br><br> ▮▮▮▮▮▮ |

## <u>AMENDED JOINT FINAL PRETRIAL ORDER</u>

The Pretrial Conference was held on February 28, 2024 pursuant to the Court's Order (Dkt. No. 160) and Rule 16 of the Federal Rules of Civil Procedure. The following parties submit this Joint Pretrial Order to address recent orders and guidance issued by the Court: Plaintiffs Pantech Corporation and Pantech Wireless, LLC (collectively, "Plaintiffs" or "Pantech") and Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("Defendant" or "OnePlus").

The parties' submitted pretrial order includes sections on patent misuse as well as footnotes disputing whether the defense of patent misuse is available based on the Court's motion *in limine* order. The Court has removed these references to patent misuse because it has already ruled Defendant has not preserved this defense. *See* Docket No. 211 at 6. This order is otherwise unchanged from the parties' submission. It is

**ORDERED** that, within **seven (7) days** of this Order's entry, the parties **SHALL** jointly move to file a redacted version of this Order. The parties' joint motion **SHALL** provide proposed

redactions, describe the confidential information in those proposed redactions, and provide good cause for each redaction. Or, if no redactions are necessary, the parties **SHALL** jointly file an unsealed and unredacted version of the Order with a cover page stating no redactions are needed.

## A.   COUNSEL FOR THE PARTIES

**Plaintiffs:**

Geoffrey Culbertson
Kelly Tidwell
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd. (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
(P) (903) 792-7080
(F) (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com
James A. Fussell, III (lead counsel)
Jamie B. Beaber
Alan M. Grimaldi
Tiffany A. Miller
Clark S. Bakewell
Tariq Javed
Seth W. Bruneel
Courtney Krawice
William Brady Nash
Young Kyoung (Claire) Kim
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000
jfussell@mayerbrown.com
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
tmiller@mayerbrown.com
cbakewell@mayerbrown.com
tjaved@mayerbrown.com
sbruneel@mayerbrown.com
ckrawice@mayerbrown.com
bnash@mayerbrown.com
clairekim@mayerbrown.com

Graham (Gray) M. Buccigross

MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

Gregory J. Apgar
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

**Defendant:**

G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone (903) 657-8540
Facsimile (903) 657-6003

LEYDIG, VOIT & MAYER, LTD.
David M. Airan (lead counsel)
Wesley O. Mueller
Robert T. Wittmann
Paul J. Filbin
Leonard Z. Hua
Christopher J. Gass
John K. Winn
Nicole E. Kopinski
Pei Chen
Two Prudential Plaza
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601
(312) 616-5600
dairan@leydig.com
bwittmann@leydig.com
wmueller@leydig.com
pfilbin@leydig.com

lhua@leydig.com
cgass@leydig.com
jwinn@leydig.com
nkopinski@leydig.com
rchen@leydig.com

## B.  STATEMENT OF JURISDICTION

This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 101,

*et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338(a). Jurisdiction is not contested by any party.

## C.  NATURE OF ACTION

This is a suit for patent infringement under 35 U.S.C. § 271. Pantech contends that OnePlus

induces the infringement, literally or under the doctrine of equivalents, of one or more claims of

U.S. Patent Nos. 10,869,247 (the "'247 Patent"), 9,063,654 (the "'654 Patent"), 8,893,052 (the

"'052 Patent"), 11,012,954 (the "'954 Patent"), and 9,548,839 (the "'839 Patent") (collectively, the

"Patents-in-Suit"). Further, Pantech contends OnePlus's inducement of infringement is and has

been willful, and that these patents are not invalid or unenforceable. Pantech seeks pre- and post-

verdict damages to compensate Pantech for OnePlus's acts of infringement, but in no event less

than a reasonable royalty. Pantech also seeks recovery of its attorneys' fees pursuant to 35 U.S.C.

§ 285, as well as its costs, interest, and an award of enhanced damages pursuant to 35 U.S.C. § 284.

OnePlus denies that the '247 Patent, '654 Patent, '052 Patent, '954 Patent, and/or '839

Patents are infringed, either directly or by inducement, literally or under the doctrine of equivalents,

and has asserted various defenses. OnePlus contends that the '247 Patent, '654 Patent, '052 Patent,

and '954 Patent are invalid as anticipated under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103,

and/or as lacking written description under 35 U.S.C. § 112.  OnePlus denies that it has willfully

infringed any claim. OnePlus contends Pantech is not entitled to any damages in this case, but that,

to the extent any enforceable patent is found valid and infringed, Pantech is entitled to no more than a reasonable royalty, which with respect to the '247, '839, and '954 patents cannot exceed a fair, reasonable, and non-discriminatory ("FRAND") rate. OnePlus further contends that any enhanced damages in favor of Pantech would be inappropriate. OnePlus will seek to demonstrate that this is an exceptional case in its favor and that it should be awarded attorneys' fees, and costs.

## D.    CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial. The parties do not necessarily agree with each other's summaries and contentions and reserve all objections. By providing these contentions, the parties do not waive any position previously briefed. Furthermore, the parties' contentions in this case are detailed, in part, in their pleadings, infringement and invalidity contentions, discovery responses and deposition testimony, and their motion briefing and responses, which are all incorporated by reference herein.

**Pantech's Statement of Its Contentions**

1.    Pantech Corp. is the owner by assignment of the '654 Patent, '052 Patent, '954 Patent, and '839 Patents and possesses all rights of recovery under such patents, including the exclusive right to recover for past infringement.

2.    Pantech Wireless, LLC is the owner by assignment of the '247 Patent and possesses all rights of recovery under such patent, including the exclusive right to recover for past infringement.

3.    Venue is proper in the United States District Court for the Eastern District of Texas, Texarkana Division, in this case.

4.    Jurisdiction is proper in this Court.

5.    Pantech contends that the Patents-in-Suit are valid, enforceable, and infringed by OnePlus.

6.      Pantech contends that OnePlus induces the infringement of claims 1, 2, and 8 of the '247 Patent by inducing directly infringing acts by , which directly infringe claims 1, 2, and 8 of the '247 Patent by making, using, selling, offering for sell, and/or importing into the United States the following products: OnePlus 8; OnePlus 8T; OnePlus 8 Pro; OnePlus 9 5G; OnePlus 9 Pro 5G; OnePlus 10 Pro 5G; OnePlus 10T 5G; OnePlus Nord N10 5G; OnePlus Nord N200 5G; and OnePlus Nord N20 5G ("the '247 Accused Products").

7.      Pantech contends that OnePlus induces the infringement of claims 1, 6, 8, and 10 of the '654 Patent by inducing directly infringing acts by ████████████, which directly infringe claims 1, 6, 8, and 10 of the '654 Patent by making, using, selling, offering for sell, and/or importing into the United States the following products: OnePlus X, OnePlus 3T, OnePlus 3, OnePlus 5T, OnePlus 5, OnePlus 6, OnePlus 6T, OnePlus 7 Pro, OnePlus 7T, OnePlus 7T Pro, OnePlus 8, OnePlus 8T, OnePlus 8 Pro, OnePlus 9 5G, OnePlus 9 Pro 5G, OnePlus 10T 5G, OnePlus 10 Pro 5G, OnePlus Nord N10 5G, OnePlus Nord N100, OnePlus Nord N200 5G, and OnePlus Nord N20 5G ("the '654 Accused Products").

8.      Pantech contends that OnePlus induces the infringement of claims 10 and 17-20 of the '052 Patent by inducing directly infringing acts by ████████████ which directly infringe claims 10 and 17-20 of the '052 Patent by making, using, selling, offering for sell, and/or importing into the United States the following products: OnePlus X, OnePlus 3T, OnePlus 3, OnePlus 5T, OnePlus 5, OnePlus 6, OnePlus 6T, OnePlus 7 Pro, OnePlus 7T, OnePlus 7T Pro, OnePlus 8, OnePlus 8T, OnePlus 8 Pro, OnePlus 9 5G, OnePlus

9 Pro 5G, OnePlus 10T 5G, OnePlus 10 Pro 5G, OnePlus Nord N10 5G, OnePlus Nord N100,

OnePlus Nord N200 5G, and OnePlus Nord N20 5G ("the '052 Accused Products").

9.    Pantech contends that OnePlus induces the infringement of claims 6 and 9 of the

'954 Patent by inducing directly infringing acts by ████████████████████████████████

███████████, which directly infringe claims 6 and 9 of the '954 Patent by making, using, selling,

offering for sell, and/or importing into the United States the following products: OnePlus 3T;

OnePlus 3; OnePlus 5T; OnePlus 5; OnePlus 6; OnePlus 6T; OnePlus 7 Pro; OnePlus 7T; OnePlus

7T Pro; OnePlus 8; OnePlus X; OnePlus 10T 5G; OnePlus 8T; OnePlus 8 Pro; OnePlus 9 5G;

OnePlus 9 Pro 5G; OnePlus 10 Pro 5G; OnePlus 10T 5G; and OnePlus Nord N200 5G ("the '954

Accused Products").

10.    Pantech contends that OnePlus induces the infringement of claims 9-12 of the '839

Patent by inducing directly infringing acts by ███████████████████████████████████████

████, which directly infringe claims 9-12 of the '839 Patent by making, using, selling, offering for

sell, and/or importing into the United States the following products: OnePlus 3T; OnePlus 3;

OnePlus X; OnePlus 5T; OnePlus 5; OnePlus 6; OnePlus 6T; OnePlus 7 Pro; OnePlus 7T; OnePlus

7T Pro; OnePlus 8; OnePlus 10T 5G; OnePlus Nord N100; OnePlus 8T; OnePlus 8 Pro; OnePlus

9 5G; OnePlus 9 Pro 5G; OnePlus 10 Pro 5G; OnePlus Nord N10 5G; OnePlus Nord N200 5G;

and OnePlus Nord N20 5G ("the '839 Accused Products").

11.    Pantech contends, based on the OnePlus sales information as reported by IDC, a

handset sales data vendor, that a reasonable royalty for past infringement would be due beginning

on the date OnePlus was notified about infringement of the Patents-in-Suit. OnePlus sales will

have continued from the time these numbers were calculated until trial and thus further updates

are expected in advance of trial. Pantech intends to revise its reasonable royalty figures to reflect

updated sales as reported by IDC in accordance with the Court's Order (Dkt. 178). Pantech will suffer additional damages if OnePlus's infringement continues post-trial.

12. Pantech contends, based on the sales information OnePlus provided, that a reasonable royalty for past infringement would be due beginning on the date OnePlus was notified about infringement of the Patents-in-Suit. OnePlus sales will have continued from the time these numbers were calculated until trial and thus further updates are expected in advance of trial. Pantech intends to revise its reasonable royalty figures to reflect updated sales to be provided by OnePlus and in accordance with the Court's Order (Dkt. 178). Pantech will suffer additional damages if OnePlus's infringement continues post-trial.

13. Pantech contends that OnePlus's defense of patent exhaustion relating to the '839 and '954 Patents fails at least because the Accused Products and Patents-in-Suit are excluded from the scope of the base station licenses that OnePlus relies on, and because the licensed base stations do not substantially embody the '839 or '954 Patents or their asserted claims.

14. Pantech contends that OnePlus cannot prove by the appropriate burden any of its affirmative defenses.

15. Pantech contends OnePlus's infringement is willful and that it is entitled to enhanced damages.

16. Pantech contends it is entitled to prejudgment interest and post-judgment interest as applicable.

17. Pantech contends that this is an exceptional case warranting an award of attorneys' fees.

18. Pantech contends that it has complied with 35 U.S.C. § 287 as asserted in this case.

19. Pantech denies OnePlus's defenses that the patents-in-suit are invalid,

unenforceable, and not infringed by OnePlus.

20.     Pantech denies that OnePlus is entitled to its costs, a declaration that this case is exceptional, or its attorneys' fees.

## OnePlus's Statement of Its Contentions

1.   OnePlus contends that it does not induce infringement of claims 1, 2, and/or 8 of the '247 Patent literally or under the doctrine of equivalents, either directly or indirectly, and that Pantech cannot carry its burden of proof to show infringement of any of these asserted claims.

2.   OnePlus contends that it does not induce infringement of claims 1, 6, 8, and/or 10 of the '654 Patent literally or under the doctrine of equivalents, either directly or indirectly, and that Pantech cannot carry its burden of proof to show infringement of any of these asserted claims.

3.   OnePlus contends that it does not induce infringement of claims 10 and 17-20 of the '052 Patent literally or under the doctrine of equivalents, either directly or indirectly, and that Pantech cannot carry its burden of proof to show infringement of any of these asserted claims.

4.   OnePlus contends that the doctrine of equivalents is unavailable for the '052 patent as a result of prosecution history estoppel.

5.   OnePlus contends that the "phone bubble" icon used by the Android operating system version tested by Pantech's technical expert in connection with its assertion of the '052 Patent is not present in the phone application of Android Versions 12, 13, and 14 (the current version of Android).

6.   OnePlus contends that it does not induce infringement of claims 6 and 9 of the '954 Patent literally or under the doctrine of equivalents, either directly or indirectly, and that Pantech cannot carry its burden of proof to show infringement of any of these asserted claims.

7.   OnePlus contends that it does not induce infringement of claims 9-12 of the '839

Patent literally or under the doctrine of equivalents, either directly or indirectly, and that Pantech cannot carry its burden of proof to show infringement of any of these asserted claims.

8. OnePlus contends that it is not liable for infringement of the asserted '839 and '954 Patent Claims due to Patent Exhaustion.

9. OnePlus contends that Pantech or its predecessors-in-interest identified the subject matter of the '839, '247, and '954 patents to the standards-setting organizations European Telecommunications Standards Institute ("ETSI") and/or LTE as being essential to certain LTE and/or 5G standards ("standard essential").

10. OnePlus contends that Pantech's commitment obligates Pantech "to grant irrevocable licenses on fair, reasonable, and non-discriminatory terms and conditions" ("FRAND"). DTX 222 at PANTECH_ONEPLUS0639994-95043.

11. OnePlus contends that Pantech has failed to offer OnePlus a license to the standard essential '839, '247, and '954 patents on fair, reasonable, and non-discriminatory ("FRAND") terms, and that Pantech cannot seek damages in excess of a FRAND royalty rate for the '839, '247, and '954 patents.

12. OnePlus contends that the asserted claims of the '247 Patent, '654 Patent, '052 Patent, and '954 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

13. OnePlus contends that, should any claim be found to be infringed, Pantech cannot carry its burden of proof to show damages. OnePlus further contends that should proof of damages be shown, any damages should be limited to the amount of a reasonable royalty.

14. OnePlus contends that to the extent the jury determines that Pantech has shown infringement of the '839, '247, and/or '954 Patents, and further to the extent that the jury determines that damages are warranted, any reasonable royalty rate based on the '839, '247, and

'954 Patents cannot exceed a FRAND rate.

15. OnePlus contends that, should any claim be found infringed, any infringement was not willful and in any event Pantech is not entitled to enhanced damages pursuant to 35 U.S.C. § 284.

16. OnePlus contends that Pantech is not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285.

17. OnePlus contends that it is entitled to an award of its own attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**E.     STIPULATIONS AND UNCONTESTED FACTS**

1.     Pantech filed its Original Complaint in this action on June 3, 2022.

2.     Pantech Corp. is an entity organized under the laws of South Korea, with a place of business at 10F, 251, Gangnam-daero, Seocho-gu, Seoul 06735, Republic of Korea.

3.     Pantech Wireless is the wholly owned subsidiary of Pantech Corp.

4.     Pantech Wireless is an entity organized under the laws of Texas, with a place of business at 3000 Polar Lane, #302, Cedar Park, TX 78613.

5.     OnePlus Technology (Shenzhen) Co., Ltd. is a corporation duly organized and existing under the laws of China, with its principal place of business at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong, 518040, China.

6.     The '247 Patent was issued by the United States Patent & Trademark Office ("PTO") on December 15, 2020 and is entitled *Supporting Uplink Transmissions*.  The '247 Patent issued from a patent application filed on August 31, 2020. The '247 Patent claims priority to U.S. Provisional Application No. 60/517,656, filed on November 5, 2003, and U.S. Patent Application No. 10/962,720, filed on October 12, 2004, which is now U.S. Patent No. 7,046,648.

7. The '654 Patent was issued by the PTO on June 23, 2015 and is entitled *Terminal apparatus and method for supporting smart touch operation*. The '654 Patent issued from a patent application filed on September 4, 2012. The '654 Patent claims priority to KR 10-2011-0091901, filed on September 9, 2011. It is undisputed that the '654 Patent is entitled to a priority date of September 9, 2011.

8. The '052 Patent was issued by the PTO on November 18, 2014 and is entitled *System and method for controlling mobile terminal application using gesture*. The '052 Patent issued from a patent application filed on June 3, 2009. The '052 Patent claims priority to KR 10-2008-0111587 which was filed on November 11, 2008. It is undisputed that the '052 Patent is entitled to a priority date of November 11, 2008.

9. The '954 Patent was issued by the PTO on May 18, 2021 and is entitled *Apparatus and Method for Establishing Uplink Synchronization in a Wireless Communication System*. The '954 Patent issued from a patent application filed on January 2, 2020. The '954 Patent claims priority to U.S. Patent Application No. 13,578,531, filed on February 10, 2011, which is now U.S. Patent No. 9,054,835.

10. The '839 Patent was issued by the PTO on January 17, 2017 and is entitled *Method for mapping physical hybrid automatic repeat request indicator channel*. The '839 Patent issued from a patent application filed on May 29, 2015. The '839 Patent claims priority to U.S. Provisional Application No. 61/029,895, filed on February 19, 2008. It is undisputed that the '839 Patent is entitled to a priority date of February 19, 2008.

11. Pantech Corp. is the owner by assignment of the '654 Patent and possesses all rights of recovery under such patent, including the exclusive right to recover for past infringement.

12. Pantech Corp. is the owner by assignment of the '052 Patent and possesses all rights

of recovery under such patents including the exclusive right to recover for past infringement.

13.     Pantech Corp. is the owner by assignment of the '954 Patent and possesses all rights of recovery under such patent, including the exclusive right to recover for past infringement.

14.     Pantech Corp. is the owner by assignment of the '839 Patent and possesses all rights of recovery under such patent, including the exclusive right to recover for past infringement.

15.     Pantech Wireless, LLC is the owner by assignment of the '247 Patent and possesses all rights of recovery under such patent, including the exclusive right to recover for past infringement.

16.     BLU Products, Inc., Coolpad Group Limited, GNJ Manufacturing Inc. and ███ ███████████████ entered into license agreements with Pantech Corporation after Pantech Corporation filed patent infringement lawsuits against each of BLU Products, Inc., Coolpad Group Limited, GNJ Manufacturing Inc. and ███████████████, but before any such lawsuit reached trial.

17.     The features accused of infringing the '654 Patent and '052 Patent are implemented by standard Android that are not changed by OnePlus. To the extent that OnePlus has modified some aspects of standard Android, none are material to the accused functionality of the '654 Patent or '052 Patent.

18.     Guangdong OPPO Mobile Telecommunications Corp., Ltd. ("OPPO"); Digital Ivory limited ("DI"); Dasheng International Trade Co., Ltd, ("Dasheng"); and OnePlus USA Corp. ("OnePlus USA") are not parties to this lawsuit.

19.     ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████



**<u>Additional Trial Procedure Stipulations</u>**

20.     The parties have agreed that each side will make the individuals who submitted expert reports in this case available to testify at trial and that neither side needs to designate the deposition testimony of the other side's experts; provided however that if despite this agreement any of these experts is unavailable for trial, the party submitting a report for that expert agrees that the other party may submit a late designation of that expert's testimony.

21.     Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit should the opposing party attempt to offer it into evidence.

22.     The parties agree that any date listed on the exhibit list is not evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence of nor an admission of whether the document is dated. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

23.     Legible photocopies of the Patents-in-Suit and their USPTO file history may be

offered as evidence in lieu of certified copies thereof.

24.     Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals.

25.     The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits attached as Exhibits E and F to this Order.

26.     For purposes of Federal Rule of Evidence 901, the parties agree that all documents produced by Pantech and appearing on their face to have originated from, or have been kept in the ordinary course of business by Pantech, are authentic. The parties otherwise reserve all rights with respect to the admissibility of any such documents.

27.     For purposes of Federal Rule of Evidence 901, the parties agree that all documents produced by OnePlus and appearing on their face to have originated from, or have been kept in the ordinary course of business by, OnePlus are authentic. The parties otherwise reserve all rights with respect to the admissibility of any such documents.

28.     For purposes of Federal Rule of Evidence 901, the parties agree that all documents produced by any third-party and appearing on their face to have originated from, or have been kept in the ordinary course of business by, such third-party are authentic. The parties otherwise reserve all rights with respect to the admissibility of any such documents.

29.     For purposes of Federal Rules of Evidence 803(6), the parties agree that all documents produced by Pantech, OnePlus, or any third party, appearing on their face to have originated from, or have been kept in the ordinary course of business by the producing party, qualify as a record of a regularly conducted activity without the need for testimony under

803(6)(D). The parties otherwise reserve all rights with respect to the admissibility of any such documents.

30.     The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them.

## F.     CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact that remain to be litigated. The parties do not waive any of their pending or anticipated motions. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

### Pantech's Statement of Contested Issues of Fact and Law

1.     Whether OnePlus has infringed, or is liable for the infringement of, the asserted claims of the Patents-in-Suit.

2.     Whether Pantech is entitled to damages to compensate for infringement of the Patents-in-Suit, and (if so) the amount of such damages.

3.     The subject matter recited in claims 1, 2, and 8 of the '247 Patent are entitled to an effective filing date of at least October 12, 2004, and have a priority date of no later than this date.

4.     The subject matter recited in claims 6 and 9 of the '954 Patent are entitled to an effective filing date of February 10, 2011, and have a priority date of no later than this date.

5.     Whether Pantech provided OnePlus actual notice of its infringement of the '839 Patent on January 21, 2021.

6.     Whether Pantech provided OnePlus actual notice of its infringement of the '954 Patent on June 3, 2022.

7.     Whether Pantech provided OnePlus actual notice of its infringement of the '247

Patent on July 9, 2021.

8.      Whether Pantech provided OnePlus actual notice of its infringement of the '654 Patent on June 3, 2022.

9.      Whether Pantech provided OnePlus actual notice of its infringement of the '052 Patent on June 3, 2022.

10.     Whether the infringement was willful.

11.     Whether Pantech is entitled to enhanced damages, and (if so) the amount of such damages.

12.     Whether Pantech is entitled to attorney's fees, and (if so) the amount of such fees.

13.     Whether Pantech is entitled to costs, and (if so) the amount of such costs.

14.     Whether Pantech is entitled to pre-judgment and post-judgment interest, and (if so) the dollar amount of pre-judgment and post-judgment interest.

**<u>OnePlus's Statement of Contested Issues of Fact and Law</u>**

In addition to the contested issues identified by Pantech, OnePlus identifies the following contested issues:

15.     Whether the subject matter recited in claims 1, 2, and 8 of the '247 Patent are entitled to an effective filing date of August 31, 2020, and have a priority date of no earlier than this date.

16.     Whether the subject matter recited in claims 6 and 9 of the '954 Patent are entitled to an effective filing date of January 2, 2020, and have a priority date of no earlier than this date.

17.     Whether OnePlus is liable for infringement of the asserted '839 and '954 Patent Claims due to Patent Exhaustion.

18.     Whether the asserted claims of the '247 Patent, '654 Patent, '052 Patent, and '954

Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

19. Whether OnePlus can be liable for damages regarding alleged infringement of the '839, '954, or '247 Patents that exceed a rate that is Fair, Reasonable And Non-Discriminatory (FRAND).

20. Whether OnePlus is entitled to attorney's fees, and (if so) the amount of such fees.

21. Whether OnePlus is entitled to costs, and (if so) the amount of such costs.

## G.    LIST OF WITNESSES

1. Pantech's Witness List is appended hereto as Exhibit A.

2. OnePlus's Witness List is appended hereto as Exhibit B.

3. Pantech's list of deposition designations and OnePlus's counter-designations are appended hereto as Exhibit C.

4. OnePlus's list of deposition designations and Pantech's counter-designations are appended hereto as Exhibit D.

## H.    LIST OF EXHIBITS

1. Pantech's Revised Exhibit List is appended hereto as Exhibit E.

2. OnePlus's Revised Exhibit List is appended hereto as Exhibit F.

## I.    LIST OF ANY PENDING MOTIONS

There are currently no pending motions before the Court.

## J.    LENGTH OF TRIAL

The Court has set the length of trial at 5 days and has further stated that the parties will have 11 hours per side for direct, cross, and rebuttal examination. The Court has further allocated the parties 30 minutes per side for voir dire. The Court has further allocated the parties 30 minutes per side for opening statements and 30 minutes per side for closing arguments.

### K.  MANAGEMENT CONFERENCE LIMITATIONS

None.

### L.  TRIAL MANAGEMENT PROCEDURES

1.  If a party no longer expects to call a witness identified on the "will call" list, or if a party expects to call live a witness on the "may call" or "may, but probably will not call" witness list, that party shall provide the other side notice of the change as soon as possible, but in no event shall notice of the change be provided less than 2 calendar days before the witness may be called.

2.  A party shall provide demonstrative exhibits to be used in connection with opening statements, direct examination of a party's own witness, or cross-examination of a party's own witness that the opposing party has called adversely by 6:30 p.m. Central Time the calendar day before their intended use (*e.g.*, exhibits for Monday morning will be disclosed on Sunday evening). Any objections will be provided no later than 8:30 p.m. Central Time that same day, and the parties shall promptly meet and confer by 9:00 p.m. Central Time on any such objections. If parties cannot resolve objections, they will submit the issue to the Court by 10:00 pm that same day, with responsive submissions to the Court by midnight that same day. Each party's submission shall include a brief paragraph stating each party's position on each dispute. Non-substantive corrections of typographical type errors to demonstrative exhibits may be made prior to use, as long as these edits or corrections are reasonably disclosed in advance of their use. Demonstratives previously displayed in the course of the trial need not be disclosed again. Demonstratives need not be included in the parties' respective exhibit lists.

3.  The parties will identify witnesses to be called live (in the reasonably anticipated order of call) at 6:30 PM Central Time two nights before the day of trial during which the witnesses are expected to testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 6:30 PM Central Time on Monday. Any objections shall be provided by 8:30 PM Central

Time the same day the witness identification is provided. If parties cannot resolve objections, they will submit the issue to the Court by 10:00 pm that same day, with responsive submissions to the Court by midnight that same day. Each party's submission shall include a brief paragraph stating each party's position on each dispute. The parties agree that each party will take the testimony of any adverse fact witness when that fact witness is called by the other party, such that the fact witness does not need to be called twice, and accordingly the scope of cross-examination of such fact witnesses may exceed that of direct examination.

4.      A party shall identify trial exhibits to be used in connection with direct examination by 6:30 p.m Central Time the calendar day before their intended use (*e.g.*, exhibits for Monday morning will be disclosed at noon on Sunday). Any objections will be provided no later than 8:30 p.m. Central Time that same day, and the parties shall promptly meet and confer by 9:00 p.m. Central Time on any such objections. If parties cannot resolve objections, the objecting party will submit the issue to the Court by 10:00 pm that same day, with responsive submissions to the Court by midnight that same day. Each party's submission shall include a brief paragraph stating each party's position on each dispute. This paragraph applies to a party's cross-examination of witnesses called adverse in the other side's case-in-chief, but does not apply to direct examination of adverse witnesses.

5.      The parties' exhibit lists include exhibits that may not necessarily be introduced into evidence. Each party reserves the right to add additional exhibits to its exhibit list, for good cause shown, by agreement of the parties, or as ordered by the Court. A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

6.      Subject to other provisions of this Order, no party may offer as evidence an exhibit not present on its exhibit list absent court order or agreement of the parties, except for purposes of impeachment or rehabilitation, if otherwise competent for such purposes.

7.      If a party provides a binder of exhibits to a witness prior to examination, the party will provide one copy to the other party.

8.      The party seeking to use a demonstrative exhibit shall provide a color (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side in accordance with the schedule set forth above. For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG, or other video format. Demonstratives will not be used by an opposing party prior to being used by the disclosing party.

9.      The parties agree that there is no exchange of demonstratives to be used for cross-examination of the other party's witness or redirect examination of a party's own witness.

10.     With respect to non-documentary demonstratives or live product demonstrations, such as physical exhibits or physical products, that the parties plan to use at trial for use during direct examination or during opening or closing statements—but not for cross-examination:

a.  6:30 p.m. Central Time two calendar days before anticipated use: Parties shall identify and make available the non-documentary demonstratives/physical exhibits.

b.  6:30 p.m. Central Time one calendar day before anticipated use: Parties shall exchange objections to non-documentary demonstratives/physical exhibits.

c.  9:00 p.m. Central Time one calendar day before anticipated use: Parties shall discuss outstanding objections during demonstrative meet and confer.

d.  If parties cannot resolve objections, the objecting party will submit the issue to the Court by 10:00 pm that same day, with responsive submissions to the Court by midnight that same day. Each party's submission shall include a brief paragraph stating each party's position on each dispute.

Non-documentary/product demonstratives previously displayed in the course of the trial need not be disclosed again. Non-documentary/product demonstratives will not be used by the opposing party prior to being used by the disclosing party.

11.     The parties agree that notice of a party's intended use of enlargements of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order, and such ballooning, excerption highlighting, etc., accurately reflects the content of the exhibit. The parties further agree that the above notice provisions concerning demonstrative exhibits do not apply to demonstrative exhibits created in the courtroom during live testimony or that were previously shown to the jury, or that are ballooning, excerption, highlighting, etc. of witness testimony, attorney statements, or attorney argument generated during the trial before the jury.

12.     The parties request that during the pendency of the trial, counsel be permitted to move, and the Court admit if appropriate, evidence following use of the evidence, to the extent not admitted at the time of use. To clarify, this provision shall apply only to trial exhibits, properly admissible under the Federal Rules of Evidence, and about which a witness has referenced and provided testimony.

13.     Upon the end of all parties' presentation of evidence, the parties will make available to the jury copies of all exhibits in evidence, but not any demonstrative exhibits, unless admitted into evidence.

14.     With respect to witnesses who may be called to testify by deposition, the parties have designated specific page and line numbers of deposition testimony that they may read or play

back during the respective parties' case-in-chief. New materials may not be added without good cause or the other party's agreement. All irrelevant and redundant material such as objections and colloquy between counsel will be eliminated when the deposition is read or viewed at trial to the extent feasible.

15.     Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

16.     The parties may offer some or all of the designated deposition testimony at trial. A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented upon at trial.

17.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise admissible for such purpose.

18.     In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked as a different exhibit number, a party may substitute one exhibit for another.

19.     With respect to a witness being offered by deposition:

a.  6:30 p.m. Central Time three calendar days before the deposition testimony is expected to be read or played in Court: Calling party shall provide a list of final deposition designations (from the previously designated testimony) it intends to introduce and a list of exhibits they intend to use by each such witness by designation. The calling party shall identify the specific pages and lines of transcript from the witness's deposition that it proposes to read or play during trial, and the order in which each designation will be played.

b. 6:30 p.m. Central Time two calendar days before the deposition testimony is expected to be read or played in Court: Receiving party shall identify for each such witness its objections to the identified testimony and counter-designations as set forth in this Pre-Trial Order and any objections to the identified trial exhibits.

c. 8:30 p.m. Central Time two calendar days before the deposition testimony is expected to be read or played in Court: Calling party identifies objections to counter-designations. Parties promptly meet and confer.

d. 10:30 p.m. two calendar days before the deposition testimony is expected to be read or played in Court: If parties cannot resolve objections, they will submit jointly the issue to Court, including highlighted copies of the disputed materials and an itemized list of the remaining objections along with a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. (The objecting party will provide the initial draft of the joint submission at 9:30 pm and the opposing party will respond with any edits by 10:00 pm, at which point the parties will promptly meet and confer to finalize the joint submission.)

e. The party who seeks to introduce deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side, and will provide the other party with a deposition script that includes the parties' respective designations and allotted time of the testimony to be played before trial on the morning of the day the party intends to call the witness by deposition.

20. If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played together in chronological order. Regardless of whether deposition testimony is read or played by video, the time available

for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

21.    The parties agree to exchange lists of "Admitted Exhibits" by 10:00 p.m. the night before the lists are to be submitted to the Court.

22.    Any documents, deposition transcripts, or portions thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

23.    The parties are required to disclose only new demonstratives (i.e. those not previously used) for use in closing argument by 6:30 p.m. Central Time the calendar day before closing. Any objections will be provided no later than 8:30 p.m. Central Time that same day, and the parties shall promptly meet and confer by 9:00 p.m. Central Time on any such objections. If parties cannot resolve objections, they will submit the issue to the Court by 10:00 pm that same day, with responsive submissions to the Court by midnight that same day. Each party's submission shall include a brief paragraph stating each party's position on each dispute.

24.    A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 PM Central Time or prior to leaving court, whichever is later, the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

## M.    AGREED MOTIONS *IN LIMINE*

Plaintiffs and Defendant jointly request, and the Court has granted entry of, the following agreed motions *in limine*:

1.    Preclude references to discovery disputes, suggestions of discovery deficiencies, or alleged litigation misconduct.

2.      Preclude references, suggestions, or argument disparaging Korean or Chinese companies, people, or products due to nationality, ethnicity, political beliefs, and preclude evidence or argument regarding choice to testify in native language.

3.      Preclude evidence or argument relating to any pretrial motion practice, and the Court's ruling on any motions, or the fact that any party has attempted to exclude evidence on a particular matter.

4.      Preclude evidence, testimony, or argument concerning the Patent Trial and Appeal Board, inter partes review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court.

5.      Preclude references to the expert report drafting process and communications between experts and trial teams.

6.      Preclude evidence or argument that an implemented Android version is different from the corresponding stock Android version in regard to the functionality accused of infringing the '654 Patent and '052 Patent, or argument that it is unreasonable to rely on a stock Android version to show the functionality of an accused product's use of that corresponding stock Android version with regard to the '654 Patent and '052 Patent.

7.      Preclude evidence or argument regarding evidence, testimony, or argument before the jury that relates only to equitable issues or defenses (i.e., evidence that does not also serve another evidentiary purpose relevant to jury issues).

8.      Preclude evidence or argument suggesting that there is anything legally improper in filing a patent application or writing patent claims to cover an adverse party's product.

9.      Preclude evidence or argument disparaging the U.S. Patent Office, its examiners, or the process for prosecuting patent applications or granting patents in the United States. This

does not preclude factual evidence as to the operations of the USPTO.

10.     Preclude evidence or argument referring to any other person or entity in disparaging ways, such as a "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "shakedown artist," "patent assertion entity," or any such similar terms. Use of the term "non-practicing entity" is permitted.

11.     Preclude evidence, testimony, or argument relating to the Court's Claim Construction Order other than the Court's actual adopted constructions, including evidence, testimony, or argument about the Court's reasoning or the parties' agreements.

12.     Preclude evidence or argument suggesting that the Eastern District of Texas is an improper or inconvenient venue in which to try this case.

13.     Preclude evidence or argument that OnePlus is liable for direct infringement based on the directly infringing acts of any other entity. Pantech may present evidence and argument that OnePlus is liable for inducing the acts of direct infringement of other entities under a theory of induced infringement.

14.     Preclude evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation.

15.     Preclude evidence, testimony, or argument referring to any other person or entity as "greedy," "corrupt," or "evil." The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as "stealing," "copying," "misappropriating," "pirating," or any similar terms.

16.     Preclude evidence, testimony, or argument regarding the size of the parties' law firms or the number of attorneys representing the parties.

17.     Preclude evidence, testimony, or argument regarding the fact that testimony or

opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum.

18.    Preclude evidence, testimony, or argument referring to the role or presence in the courtroom of jury consultants or shadow jurors, or the use of focus groups or mock proceedings to assist with trial preparation, jury selection, or trial.

19.    Preclude evidence, testimony, or argument suggesting that the other party had an affirmative duty to seek opinion of counsel, and/or any inference that may be drawn as to what the contents of such an opinion would have been.

20.    Neither party shall ask questions or make statements to invoke a privileged or protected answer.

21.    No evidence, testimony or argument contrary to the Court's decisions on the parties' motions to strike.

## N.   CERTIFICATIONS

The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

1.    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2.    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3.    Each exhibit in the List of Exhibits herein:

    (a)    is in existence;

    (b)    is numbered; and

    (c)    has been disclosed and shown to opposing

counsel[1].

**So ORDERED and SIGNED this 13th day of March, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[1] OnePlus notes that it will provide a copy of DTX 129 (FRE 1006 summary of OnePlus sales) to opposing counsel shortly.

Approved as to form and substance:

Attorneys for Plaintiff(s):     _/s/ James A. Fussell, III_____

Attorneys for Defendant(s):   _/s/ David M. Airan_____


Dated: March 6, 2024           By:   _/s/ James A. Fussell, III_
                                      Geoffrey Culbertson
                                      Kelly Tidwell
                                      PATTON TIDWELL & CULBERTSON, LLP
                                      2800 Texas Blvd. (75503)
                                      Post Office Box 5398
                                      Texarkana, TX 75505-5398
                                      (P) (903) 792-7080
                                      (F) (903) 792-8233
                                      gpc@texarkanalaw.com
                                      kbt@texarkanalaw.com

                                      James A. Fussell, III
                                      Jamie B. Beaber
                                      Alan M. Grimaldi
                                      Saqib J. Siddiqui
                                      Tiffany A. Miller
                                      Baldine Paul
                                      Clark S. Bakewell
                                      Tariq Javed
                                      Seth W. Bruneel
                                      Courtney Krawice
                                      MAYER BROWN LLP
                                      1999 K Street, N.W.
                                      Washington D.C. 20006
                                      (202) 263-3000
                                      jfussell@mayerbrown.com
                                      jbeaber@mayerbrown.com
                                      agrimaldi@mayerbrown.com
                                      ssiddiqui@mayerbrown.com
                                      tmiller@mayerbrown.com
                                      bpaul@mayerbrown.com
                                      cbakewell@mayerbrown.com
                                      tjaved@mayerbrown.com
                                      sbruneel@mayerbrown.com
                                      ckrawice@mayerbrown.com

                                      Graham (Gray) M. Buccigross

MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

Gregory J. Apgar
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC*

*/s/ David M. Airan*
LEYDIG, VOIT & MAYER, LTD.
David M. Airan (lead counsel)
Wesley O. Mueller
Robert T. Wittmann
Paul J. Filbin
Leonard Z. Hua
Christopher J. Gass
John K. Winn
Nicole E. Kopinski
Pei Chen
Two Prudential Plaza
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601
(312) 616-5600
dairan@leydig.com
lhua@leydig.com
cgass@leydig.com

J. Mark Mann
State Bar No. 12926150

mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654
Telephone (903) 657-8540
Facsimile (903) 657-6003

*Attorneys for Defendant*
*OnePlus Technology (Shenzhen) Co., Ltd.*