IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>    Defendant. | C.A. No. 5:22-cv-00069-RWS<br><br>**JURY TRIAL DEMANDED** |

**ONEPLUS'S MOTION TO DISMISS FOR LACK OF STANDING**

i

████████████████████████████████████████████

## Table of Contents

I. INTRODUCTION .................................................................................................................1

II. RELEVANT FACTS ...........................................................................................................2

 A. Pantech's Alleged Ownership of the Patents-at-Issue ..............................................2

 B. ██████████ ......................................................................................................2

 C. ██████████ ......................................................................................................3

III. LEGAL STANDARD FOR CONSTITUTIONAL STANDING........................................4

IV. ARGUMENT .......................................................................................................................5

 A. Plaintiffs Have *No* Rights—Much Less Any Exclusionary Rights—in the Patents-at-Issue. ...................................................................................................................5

 B. The Court Should Dismiss Plaintiffs' Claims Relating to the Patents-at-Issue for Lack of Constitutional Standing ................................................................................7

 C. The Authority Identified by Pantech Does Not Support Standing ...........................8

V. CONCLUSION..................................................................................................................11

## Table of Authorities

### Cases

*Alarm.com, Inc. v. Vivint, Inc.*,
 No. 223CV00004JRGRSP, 2023 WL 6319348 (E.D. Tex. Sept. 6, 2023) ........................... 8, 9

*Au New Haven, LLC v. YKK Corp.*,
 210 F. Supp. 3d 549 (S.D.N.Y. 2016) ................................................................................ 6, 7

*Deere & Co. v. Kinze Mfg., Inc.*,
 No. 420CV00389RGEHCA, 2023 WL 9471982 (S.D. Iowa July 18, 2023) ......................... 7

*Dep't of Com. v. New York*,
 139 S. Ct. 2551 (2019) ............................................................................................................ 4

*Equal Emp. Opportunity Comm'n v. Serv. Temps Inc.*,
 679 F.3d 323 (5th Cir. 2012) ................................................................................................ 10

*Fall Line Patents, Inc. v. Zoe's Kitchen, Inc.*,
 No. 6:18-CV-00407-RWS (E.D. Tex. July 11, 2023) ............................................................ 9

*In re Cirba, Inc.*,
 No. 2021-154, 2021 WL 4302979 (Fed. Cir. Sept. 22, 2021) ................................................ 5

*In re Woodbridge Grp. of Cos., LLC*,
 606 B.R. 201 (D. Del. Sept. 11, 2019) ................................................................................... 6

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
 925 F.3d 1225 (Fed. Cir. 2019) ..................................................................................... 5, 8, 9

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992) ...................................................................................................... 4, 8, 9

*Max Sound Corp. v. Google, Inc.*,
 No. 14-CV-04412-EJD, 2017 WL 4536342 (N.D. Cal. Oct. 11, 2017) ............................... 10

*Medtronic Sofamor Danek USA v. Globus Med., Inc.*,
 637 F. Supp. 2d 290 (E.D. Penn. 2009) ................................................................................. 5

*Menchaca v. Chrysler Credit Corp.*,
 613 F.2d 507 (5th Cir. 1980) .............................................................................................. 8, 9

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*,
 240 F.3d 1016 (Fed. Cir. 2001) .............................................................................................. 8

*Morrow v. Microsoft Corp.*,
 499 F.3d 1332 (Fed. Cir. 2007) ........................................................................................... 4, 5

*Nat'l Football League Players' Concussion Inj. Litig.*,
  923 F.3d 96 (3d Cir. 2019) .................................................................................... 6

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*,
  676 F. App'x 967 (Fed. Cir. 2017) ......................................................................... 7

*Paradise Creations, Inc. v. UV Sales, Inc.*,
  315 F.3d 1304 (Fed. Cir. 2003) ........................................................................ 8, 10

*Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*,
  109 F.3d 850 (2d Cir. 1997) .................................................................................. 7

*Renfrew Ctr. v. Blue Cross & Blue Shield of Cent. New York, Inc.*,
  No. 94-CV-1527 (RSP/GJD), 1997 WL 2043092 (N.D.N.Y. Apr. 10, 1997) ........ 6

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
  959 F.3d 1065 (Fed. Cir. 2020) .......................................................................... 5, 8

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005) ................................................................................ 7

*Spinex Lab'ys Inc. v. Empire Blue Cross & Blue Shield*,
  622 N.Y.S.2d 154 (N.Y. App. Div. 1995) ............................................................. 6

*United States v. Hays*,
  515 U.S. 737 (1995) ............................................................................................... 5

*WiAV Sols. LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010) ........................................................................... 4, 5

*WiNet Labs, Inc. v. Motorola Mobility, LLC*,
  855 F. App'x 672 (Fed. Cir. 2021) ............................................................. 1, 4, 5, 7

**Statutes**

35 U.S.C. § 281 ........................................................................................................ 5, 9

**Rules**

Fed. R. Civ. P. 12(h)(3) ................................................................................................ 5

Defendant OnePlus Technology (Shenzhen) Co. Ltd. ("OnePlus") respectfully moves to dismiss Plaintiffs Pantech Corp. and Pantech Wireless LLC's (collectively, "Plaintiffs") claims of infringement of U.S. Patent Nos. 8,893,052 ("'052 patent"); 9,063,654 ("'654 patent"); 9,548,839 ("'839 patent"); and 11,012,954 ("'954 patent") (collectively "patents-at-issue")[1] for lack of Constitutional standing.[2]

## I. INTRODUCTION

Plaintiffs do not have any ownership interest in the patents-at-issue thereby presenting an Article III constitutional standing issue that the Court must resolve. *See e.g.*, *WiNet Labs, Inc. v. Motorola Mobility, LLC*, 855 F. App'x 672, 674-75 (Fed. Cir. 2021) ("We have now been presented with evidence that casts grave doubt on whether WiNet has any ownership interest in the patent. . . . creat[ing] a serious question about WiNet's Article III standing. . . . [W]e vacate the judgment and remand so that the district court may address the Article III question.").

Pantech Corp. alleges that it acquired ownership in the patents-at-issue from prior owners Pantech Inc. and GoldPeak Innovations, Inc. ("GoldPeak"). Before executing assignments, however, Pantech Inc. and GoldPeak entered into licenses with ▮▮▮▮▮▮. Under the terms of each license, Pantech Inc.'s and GoldPeak's power to assign the patents-at-issue was contingent on ▮▮▮▮▮▮. If these conditions were not satisfied, the licenses provided that ▮▮▮▮▮▮ Pantech Corp. did not ▮▮▮▮▮▮. The assignments to Pantech Corp. are, therefore, ▮▮▮▮▮▮ Plaintiffs

---

[1] This includes all of the patents asserted at trial except U.S. Patent No. 10,869,247.
[2] OnePlus believes that a separate motion for leave is not required in view of the comments made by the Court during trial and the Order on the post-trial briefing schedule. *See* Sealed Tr. (3/28/24) 4:15-5:10, 9:5-10:21; Dkt. 288. If the Court deems a separate motion necessary, OnePlus requests leave to file such motion.

thus have no ownership rights in the patents-at-issue, and they could not have suffered or be imminently threatened with a concrete and particularized injury in fact that is fairly traceable to alleged infringement by OnePlus. The requirements for Article III standing are not satisfied and the claims relating to the patents-at-issue should be dismissed.

## II.   RELEVANT FACTS

### A.   Pantech's Alleged Ownership of the Patents-at-Issue

Plaintiffs filed the Complaint in this lawsuit on July 3, 2022, alleging infringement of the patents-at-issue. Plaintiffs did not invent any of the technology at issue in this case. Instead, Pantech Corp. alleges that it purchased the patents in May 2020 and is therefore "the rightful owner" of each of these patents. Dkt. 6 ¶¶ 15, 18, 19, 21, 23. Pantech Corp. claims to have purchased the '052 and '654 patents from Pantech Inc. *Id.* ¶¶ 19 n.5, 21 n.7. It claims to have purchased the '839 and '954 patents from GoldPeak Innovations Inc. ("GoldPeak"). *Id.* ¶¶ 15 n.1, 18 n.4. Pantech Wireless LLC does not own—and does not have any rights in—any of the patents-at-issue. *See* Dkt. 6. Before the attempted assignments to Pantech Corp., Pantech Inc. and GoldPeak licensed the patents-at-issue to various companies, including ▮▮▮▮▮▮▮▮▮▮.

### B.   ▮▮▮▮▮▮▮▮▮▮

On January 1, 2018, Pantech Inc., and GoldPeak entered into ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮. DTX 005 (attached as Ex. 1). The ▮▮▮▮▮▮ provided ▮▮▮ with a license to various patents owned by Pantech Inc. ("Pantech Patents") and GoldPeak ("GoldPeak Patents") including all of the patents-at-issue. *Id.* ¶¶ 1.2, 1.3, 2.1, 3.1-3.7.[3] ▮▮▮▮▮▮▮▮

---



[3] ▮▮▮▮▮▮▮▮▮▮ Ex. A). Ex. 1 at 30 (▮▮▮▮). The '964 patent is a continuation of GoldPeak Patent 9,054,835. *Id.* at 72 (▮▮▮▮ Ex. D). The '839 patent is a continuation of GoldPeak Patent 7,894,330. *Id.* at 80 (▮▮▮▮ Ex. D).

includes the following provision limiting the power of Pantech Inc. and GoldPeak to assign their patents:



*Id.* ¶ 7.1 (emphases added). Pantech Corp. was thus required to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Absent such an executed agreement, any attempted assignment to Pantech Corp. is ▇▇▇▇▇▇ *Id.*

C. ▇▇▇▇▇▇▇▇

On July 5, 2019, Pantech Inc. and GoldPeak entered into ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. DTX 007 (attached as Ex. 2). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 2-3. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[4] *Id.* The ▇▇▇▇▇▇ contained the following provision limiting the power to assign the Pantech and GoldPeak Patents:



---

[4] The '052, '654, and '839 patents ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 2 at 17, 33, 38. The '954 patent is a continuation of listed U.S. Patent 9,054,835, ▇▇▇▇▇▇▇▇▇▇. *Id.* at 41.

3



Ex. 2 at 10 (emphases added). Pantech Corp. was thus required to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Neither Pantech Inc. nor GoldPeak obtained the requisite agreement to be bound by Pantech Corp. No such agreements were produced during this litigation. During trial, witnesses for Pantech Inc. and Pantech Corp. testified that they could not recall or did not remember executing any agreement to be bound as required by the licenses. Sealed Tr. (3/25/24) 36:25-37:4; 51:14-52:23; 53:24-55:4. Under the plain language of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the attempted assignments to Pantech Corp. are ▮▮▮▮▮▮▮▮.

## III. LEGAL STANDARD FOR CONSTITUTIONAL STANDING

"To have [Article III] standing, a plaintiff must 'present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.'" *WiNet Labs,* 855 F. App'x at 674 (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2565 (2019)). The "touchstone of constitutional standing in a patent infringement suit" is whether the Plaintiffs have "an exclusionary right" in the asserted patents. *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010). Absent a right to exclude others from practicing the patent, a plaintiff has not suffered an "injury in fact" from any alleged infringement. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) ("Constitutional injury in fact occurs when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights.") (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The party holding the exclusionary rights to the patent

suffers legal injury in fact under the statute." *Id.*; *WiAV*, 631 F.3d at 1266. Constitutional standing cannot be waived nor can parties stipulate to it. *See United States v. Hays*, 515 U.S. 737, 742 (1995); *WiNet*, 855 F. App'x at 674; *see also Medtronic Sofamor Danek USA v. Globus Med., Inc.*, 637 F. Supp. 2d 290, 293-95 (E.D. Penn. 2009) (holding that plaintiff's reliance on stipulation at trial as to patent ownership was "unjustified because constitutional standing cannot be conferred by stipulation"); Fed. R. Civ. P. 12(h)(3).

The Federal Circuit's decision in *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) clarified that "whether one qualifies as a patentee under 35 U.S.C. § 281 is a statutory prerequisite to the right to relief . . . , but does not implicate the district court's subject matter jurisdiction." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020). While *Lone Star* warns against conflating statutory requirements with jurisdictional/statutory requirements, *Lone Star* did not alter the Federal Circuit's Article III standing precedent. *See In re Cirba, Inc.*, No. 2021-154, 2021 WL 4302979, at *3 (Fed. Cir. Sept. 22, 2021). This is confirmed by the Federal Circuit's post-*Lone Star* and post-*Schwendimann* remand in *WiNet* on the issue of Article III constitutional standing in view of "grave doubt[s]" as to whether the plaintiff owned the patent-in-suit. *WiNet Labs,* 855 F. App'x at 675.

IV.     **ARGUMENT**

       A.     **Plaintiffs Have *No* Rights—Much Less Any Exclusionary Rights—in the Patents-at-Issue.**

The sole basis on which Plaintiffs attempt to invoke the jurisdiction of this Court—the lone thread supporting Plaintiffs' claim to standing—is Pantech Corp.'s assertion that it "is the rightful owner of" the patents-at-issue. Dkt. 6 ¶ 23. It is not. Pantech Corp. claims that it "obtained full and complete ownership, title and interest" in the patents in May 2020. *Id.* ¶¶ 15, 18, 19, 21. But more than two years earlier, the owners of the patents—Pantech Inc. and GoldPeak—entered into license

5

agreements ▮▮▮▮▮ that encumbered the patents and limited the patent owners' ability to assign the patents to a third party. Under the plain language of those agreements, ▮▮▮▮▮ Ex. 1 ¶ 7.1; Ex. 2 at 10. Therefore, Pantech Corp. does not own any of the patents-at-issue. Plaintiffs have *no* exclusionary rights in the patents and lack standing to assert the patents in this Court.

▮▮▮▮▮. Ex. 1 ¶ 10.10. Delaware is a contractarian state and recognizes the rights of parties to limit assignability. *See, e.g.*, *In re Woodbridge Grp. of Cos., LLC*, 606 B.R. 201, 205-07 (D. Del. Sept. 11, 2019) (Stark, J.). Where ▮▮▮▮▮ the agreement includes clear and definite language that the assignment will be void or invalid, the clause limits the power to assign, and the assignment will be invalid. *Id.* ▮▮▮▮▮ Ex. 2 at 12. New York law likewise recognizes the rights of parties to limit assignability. *See, e.g.*, *Renfrew Ctr. v. Blue Cross & Blue Shield of Cent. New York, Inc.*, No. 94-CV-1527 (RSP/GJD), 1997 WL 204309, at *1-2 (N.D.N.Y. Apr. 10, 1997) (finding anti-assignment clause in contract binding); *Spinex Lab'ys Inc. v. Empire Blue Cross & Blue Shield*, 622 N.Y.S.2d 154, 155 (N.Y. App. Div. 1995) ("It is well established that, so long as the language of the contract provision prohibiting assignments is clear and definite, assignments made in contravention of its terms are void."); *see also Nat'l Football League Players' Concussion Inj. Litig.*, 923 F.3d 96, 110-11 (3d Cir. 2019) ("[E]xpress language that any assignment 'will be void, invalid, and of no force and effect' . . . is precisely the type of 'clear, definite and appropriate language' that is required to void a subsequent assignment under New York law.")

*Au New Haven, LLC v. YKK Corp.*, 210 F. Supp. 3d 549 (S.D.N.Y. 2016), identified by Counsel for Pantech during trial (Sealed Tr. (3/28/24) at 7:22-8:16), supports enforcement of the anti-assignment clauses ▮▮▮▮▮. That court recognized that under New York law "*express*

6

██████████████████████████████████████████

limitations on assignability are enforceable" 210 F. Supp.at 555 (quoting *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 856 (2d Cir. 1997)) (emphasis in original). Thus an anti-assignment provision is effective provided that it "contain[s] express provisions that *any assignment* shall be void or invalid *if not made in a certain specified way*.'" *Id*. (emphases in original). ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 1 ¶ 7.1; Ex. 2 at 10. The attempted assignments to Pantech Corp. are, therefore, void.

### B. The Court Should Dismiss Plaintiffs' Claims Relating to the Patents-at-Issue for Lack of Constitutional Standing

Plaintiffs in the present case lack Article III standing because they own no exclusionary rights in the patents and, therefore, cannot have suffered any injury in fact as a result of any infringement. "Standing to sue is a threshold requirement . . . [and] must be present at the time the suit is brought." *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967, 969-70 (Fed. Cir. 2017) (quoting *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 975-76 (Fed. Cir. 2005)).

Pantech Corp. did not own the patents-in-suit when this case was filed and had no exclusionary rights in them. It therefore cannot suffer injury from any alleged infringement. Plaintiffs do not have constitutional standing and claims concerning the patents-at-issue must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *WiNet Labs,* 855 F. App'x at 675; *see also Deere & Co. v. Kinze Mfg., Inc.*, No. 420CV00389RGEHCA, 2023 WL 9471982, at *14 (S.D. Iowa July 18, 2023) (noting that under *Lexmark* and *Lone Star* "a party does not have *constitutional standing* in a patent infringement suit if it does not possess exclusionary rights in any patents-in-suit") (emphasis added); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512

7

(5th Cir. 1980) ("If the allegations do not survive the jurisdictional attack, then there is no jurisdiction even to consider the other claims.").

### C. The Authority Identified by Pantech Does Not Support Standing

The cases identified by Pantech at trial are inapposite. *See* Sealed Tr. (3/28/24) 6:15-7:21. In *Lone Star*, for example, after concluding the plaintiff Lone Star lacked *sufficient* rights to sue in its own name, the Federal Circuit determined that the district court should have considered whether AMD could be joined as a party under Rule 19. In doing so, the Court noted, "[w]e have interpreted Rule 19 . . . as directing courts to join patentees along with licensees *who otherwise have standing*." *Id.* at 1237 (emphasis added). By contrast, Pantech has no exclusionary rights and no party can be joined to cure this defect. *See, e.g.*, *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1310 (Fed. Cir. 2003) ("In [*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016 (Fed. Cir. 2001)], we held that an exclusive licensee with less than all substantial rights in the patent did not have the right to sue . . . at the inception of the lawsuit, but could cure the defect by filing a motion to join the patentee. . . . [T]he appellant in this case held no enforceable rights whatsoever in the patent at the time it filed suit, and therefore lacked a cognizable injury necessary to assert standing under Article III. . . . Such a defect in standing cannot be cured after the inception of the lawsuit.") (citing *Lujan*, 504 U.S. at 560).

In *Schwendimann*, the district court found an assignment executed *before* the lawsuit was filed constituted a written instrument under the Patent Act that was effective to assign the patent to the plaintiff. *Schwendimann*, 959 F.3d at 1069-70. The Federal Circuit affirmed finding the pre-litigation agreement was effective to transfer ownership under the applicable law *before* the lawsuit was filed. *See id.* at 1073. Here, Plaintiffs did not own the patents when the lawsuit was filed.

*Alarm.com, Inc. v. Vivint, Inc.*, No. 223CV00004JRGRSP, 2023 WL 6319348 (E.D. Tex. Sept. 6, 2023) is also no help to Pantech. The court in *Alarm.com* recognized "two separate

8

requirements"—one being Constitutional standing under Article III and the other being the statutory prerequisite under 35 U.S.C. § 281. 2023 WL 6319348, at *1. At issue was a motion brought *at the pleading stage* contending a plaintiff "lacks standing" to join in assertion of the patents. *Id*. The Court found any defect could be cured by amending the pleading because the Plaintiff alleged it was an "implied exclusive licensee." *Id*. at *3. Here, OnePlus presents a factual attack, the pleadings are not accepted as true, and Pantech Corp. has no ownership rights. *See Lujan*, 504 U.S. at 561; *Menchaca*, 613 F.2d at 511 (distinguishing between facial and factual jurisdictional attacks).

This Court's analysis in *Fall Line Patents, Inc. v. Zoe's Kitchen, Inc.*, No. 6:18-CV-00407-RWS, Dkt. 345 (E.D. Tex. July 11, 2023) is also inapposite. Like *Lone Star*, the issue of "standing" was analyzed with respect to whether the plaintiff qualified as a patentee under 35 U.S.C. § 281. *Id*. at 7. The Court also presumably considered the challenge to standing as a facial rather than a factual attack because it accepted the allegations in the pleadings as true. *See id* at 9. Here, the challenge is a factual attack relating to standing and no presumption of correctness as to the pleadings applies. *See Lujan*, 504 U.S. at 561; *Menchaca*, 613 F.2d at 511. The Court in *Fall Line* in any event indicated that the defendant could seek relief following trial if the issue has not been rendered moot, which is precisely where this matter stands now, i.e., post-trial.

\*\*\*

For the reasons set forth above, the lack of ownership rights in the patents-at-issue presents a constitutional standing issue for the Court to resolve. Even if Plaintiffs' lack of ownership were considered under the statutory provisions of 35 U.S.C. § 281, the Court should dismiss the claims relating to the patents-at-issue. Pantech Corp. has no exclusionary rights whatsoever in the patents-at-issue and thus necessary fails to qualify as a patentee. Its lack of exclusionary rights cannot be

9

███████████████████████████████████

cured by the addition of some other party. *Paradise Creations*, 315 F.3d at 1310 (distinguishing between a party with exclusionary rights whose lack of standing can be cured versus a party without exclusionary rights whose lack of standing cannot be cured).

Good cause exists for this motion, particularly in view of the importance of the issue of standing. *See, e.g., Equal Emp. Opportunity Comm'n v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012). OnePlus promptly requested relevant documents from Plaintiffs once the issue was discovered. At trial, witnesses for Pantech Inc. and Pantech Corp. testified that ███████ ████████████████████████████████████████████████████████████████████ ███████████████. Sealed Tr. (3/25/24) 36:25-37:4; 51:14-52:23; 53:24-55:4. Counsel for OnePlus then conducted a meet and confer with counsel for Plaintiffs and immediately thereafter advised the Court of a potential standing issue during trial. Sealed Tr. (3/28/2024) 3:2-10:21. Any prejudice that Pantech may claim is a result of its own lack of diligence to inquire into its own claim for standing. *See Max Sound Corp. v. Google, Inc.*, No. 14-CV-04412-EJD, 2017 WL 4536342, at *9 (N.D. Cal. Oct. 11, 2017) (finding that the plaintiff's lack of diligence as to whether it had standing was unreasonable). ████████████████████████████████████████████ ████████████████████████████████ For its part, OnePlus risks another patent infringement suit from the actual owner of the patents-at-issue, i.e., Pantech Inc., alleging infringement of the same patents. Further this same issue will likely need to be resolved in at least two other suits brought by Pantech: (1) a similar motion has been filed by LG Electronics in *Pantech Corp. v. LG Electronics, Inc.*, No. 5:22-cv-00113, Dkt. 249 (E.D. Tex.) and (2) the issue will also likely arise in another lawsuit recently brought in this court between Pantech and OnePlus, *Pantech Corp. v. OnePlus*, No. 5:24-cv-00038 (E.D. Tex). Inconsistent rulings could result if the Court addresses the issue in some, but not all, lawsuits involving Pantech.

10

## V. CONCLUSION

For the foregoing reasons, OnePlus requests that the Court grant its motion to dismiss the claims relating to the patents-at-issue.

Dated: April 26, 2024

Respectfully Submitted,

*/s/ David M. Airan*
David M. Airan (lead counsel)
Wesley O. Mueller
Robert T. Wittmann
Paul J. Filbin
Leonard Z. Hua
Christopher J. Gass
John K. Winn
Nicole E. Kopinski
Pei Chen
Michael J. Schubert
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
dairan@leydig.com
wmueller@leydig.com
bwittmann@leydig.com
pfilbin@leydig.com
lhua@leydig.com
cgass@leydig.com
jwinn@leydig.com
nkopinski@leydig.com
rchen@leydig.com
mschubert@leydig.com

**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com
**J. Mark Mann**
State Bar No. 12926150
Mark@TheMannFirm.com
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

11

*Attorneys for Defendant,*
*OnePlus Technology (Shenzhen) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on April 26, 2024, and Defendant served a true and correct copy of the foregoing document on Plaintiffs' counsel of record by electronic mail.

_/s/ G. Blake Thompson_
**G. Blake Thompson**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule CV-7(h), the parties met and conferred regarding this opposed motion but are currently at an impasse.

_/s/ G. Blake Thompson_
**G. Blake Thompson**