**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>      Defendant. | C.A. No. 5:22-cv-00069-RWS<br><br>**JURY TRIAL DEMANDED** |

**ONEPLUS'S OPPOSITION TO
PANTECH'S MOTION FOR LEAVE TO REOPEN EXPERT DISCOVERY**

i

██████████████████████████████████████████████

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................... 1

II.    ARGUMENT ..................................................................................................... 2

      A.     The LG ████████████ Is Cumulative and Not Important ......................... 3

      B.     Re-Opening Expert Discovery Would Severely Prejudice OnePlus ..................... 4

      C.     Re-Opening Expert Discovery Would Require a Continuance ............................ 7

III.   CONCLUSION ................................................................................................... 8

███████████████████████████

# TABLE OF AUTHORITIES

## Cases

*Biscotti Inc. v. Microsoft Corp.*,
2017 WL 2607882 (E.D. Tex. May 25, 2017)............................................................. 3

*ePlus, Inc. v. Lawson Software, Inc.*,
700 F.3d 509, 515 (Fed. Cir. 2012) ........................................................................ 7

*G.S. v. Labcorp*,
Civ. A. No. 16-2235(BRM), 2019 WL 13401899 (D.N.J. June 19, 2019) ................................ 2

*Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*,
No. CIV. SA-03-CA-189-RF, 2004 WL 5495589 (W.D. Tex. Oct. 8, 2004) ........................... 2

*Huawei Tech. Co., Ltd. v. Yiren Huang*,
2019 WL 2267045 (E.D. Tex. May 28, 2019)............................................................. 7

*Huawei Techs. Co. v. T-Mobile US, In*c.,
2017 WL 4619791 (E.D. Tex. Oct. 16, 2017) ........................................................... 3

*Image Processing Techs, LLC v. Samsung Elecs. Co. Ltd.*,
2020 WL 2499810 (E.D. Tex. May 14, 2020)......................................................... 3, 7

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) ............................................................................. 1, 3

*Newberry v. Disc. Waste, Inc.*,
No. 4:19-CV-00147, 2020 WL 363775 (E.D. Tex. Jan. 22, 2020) ...................................... 6, 7

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
No. CV 19-1031-RGA, 2021 WL 5356293 (D. Del. Nov. 17, 2021) .................................... 7

*Pantech Corp. v. LG Electronics Inc.*,
No. 5:22-cv-001133-RWS-JBB (E.D. Tex. June 20, 2024) ............................................ 4

*Reliance Ins. Co. v. Louisiana Land & Expl. Co.*,
110 F.3d 253 (5th Cir. 1997) ............................................................................ 2

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
No. 2:22-CV-0296-JRG-RSP, 2024 WL 992147 (E.D. Tex. Mar. 6, 2024) ............................. 2

*Vaporstream, Inc. v. Snap Inc.*,
No. 217CV00220MLHKSX, 2020 WL 978731 (C.D. Cal. Feb. 28, 2020) ............................... 7

████████████████████████████

**Rules**

Federal Rule of Civil Procedure 16 ........................................................................................... 2

Federal Rule of Civil Procedure 26 ...................................................................................... 2, 3

████████████████████████████████████████████████████████

## I. INTRODUCTION

Because Pantech has not shown good cause to reopen expert discovery, its Motion for Leave should be denied. In his expert report, Dr. Putnam relies on four Pantech settlement agreements to support his opinion of a FRAND rate. Pantech's attempt to now add a fifth ████████████████ should be rejected. It is at best cumulative, and its inclusion in the case would engender discovery chaos weeks before trial.

Apart from ██████████████████████, the LG agreement was executed nearly two and a half years after the complaint in this case was filed—the latest possible date for the hypothetical negotiation to have occurred. It is irrelevant to the hypothetical negotiation analysis, *see LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012), and does not justify re-opening expert discovery.

Pantech's Motion should also be denied because allowing supplementation would prejudice OnePlus. Pantech has represented that the principal terms of the ████████ were resolved months ago. Since then, Pantech's expert has had every opportunity to develop the opinions in his supplemental report. If expert discovery is re-opened, OnePlus should be afforded an opportunity not only to evaluate the LG ████████████, but also to discover the negotiation and circumstances of the ████████████ and all expert reports and testimony from the LG litigation relating thereto, none of which has been produced to OnePlus; to take depositions of Pantech's corporate representative(s) and damages expert; and to obtain third party discovery from at least LG. Such discovery efforts would include compelling Pantech to produce

████████████████████████████████████████████████████████

████████████████████████████. Conducting the discovery which would be necessitated by the proposed Putnam supplemental report could not be completed under the current trial schedule.

1

Pantech's proposed supplementation of IDC's sales estimates would also be prejudicial to OnePlus because the IDC estimate covers a date range different from OnePlus's actual sales data. This apples and oranges comparison would cause jury confusion calculated to benefit Pantech. Any supplement to address interim sales should include an update to both sets of numbers.

Pantech has not established there is good cause to modify the case schedule to re-open expert discovery. However, if supplementation is permitted, the Court should continue the trial to December and appropriately revise the Docket Control Order to allow OnePlus an adequate opportunity to address the LG ███████████.

## II.    ARGUMENT

"Rule 26 does not give parties the right to freely supplement, especially after court-imposed deadlines." *G.S. v. Labcorp*, No. 16-2235 (BRM), 2019 WL 13401899, at *2 (D.N.J. June 19, 2019). "Expansion of a theory already asserted is not supplementation anticipated by Rule 26(e)." *Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*, No. SA-03-CA-189-RF, 2004 WL 5495589, at *2 (W.D. Tex. Oct. 8, 2004).

Pantech's proposed modification of the Court's schedule under Federal Rule of Civil Procedure 16(b) to permit the supplemental expert report may only be made for good cause. *See Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0296-JRG-RSP, 2024 WL 992147, at *1 (E.D. Tex. Mar. 6, 2024) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Pantech relies heavily on the execution date of the LG ███████ ███████ to justify why supplementation now is appropriate, but this simply renders one of four factors neutral at best. Consideration of the remaining good cause factors demonstrates Pantech has failed to establish good cause. *See id.*



**A.      The LG** ████████████████ **Is Cumulative and Not Important**

The  LG ████████████████████████████████████████

████████████████████████████████████████████████. ████

████████████████████████████████████████████████████

████████████████████████████████████████  Mot. Ex. A (Proposed

Supplemental  Report  of  Dr.  Putnam)  at  ¶  9,  n.6 ████████████████████████

████████████████████████████████████

The latest possible date for the hypothetical negotiation date in this case is the filing of the complaint, i.e., June 3, 2022.  *See LaserDynamics*, 694 F.3d at 75 ("In general, the date of the hypothetical negotiation is the date that the infringement began.").  The LG ████████████████ occurred nearly two and a half years later.  Therefore, it is "in many ways not relevant to the hypothetical negotiation analysis."  *Id.* at 78 (holding that the district court abused its discretion by admitting into evidence a settlement agreement entered into years after the hypothetical negotiation date).  Accordingly, the LG ████████████████ does not constitute "a material fact that renders [the parties'] initial reports and opinions incomplete" under Rule 26 as Pantech asserts.  *See* Mot. 10.

Pantech's reliance on *Huawei Techs. Co. v. T-Mobile US, In*c., 2017 WL 4619791, at *4 (E.D. Tex. Oct. 16, 2017), *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2607882, at *1 (E.D. Tex. May 25, 2017), and *Image Processing Techs, LLC v. Samsung Elecs. Co. Ltd.*, 2020 WL 2499810, at *1 (E.D. Tex. May 14, 2020), Mot. 5, is misplaced.  In those cases, the new information was found to be important.  Despite OnePlus raising the issue of relevance of the LG ██████████ in the Motion Seeking Entry of the Docket Control Order (Dkt. 367 at 4), Pantech has made no attempt to explain why it bears on the hypothetical negotiation occurring years ago.

3

███████████████████████████████████████████

As for Pantech's other proffered reason for supplementing Dr. Putnam's report, Pantech never sought to work out an update to address interim sales which includes an update to both sets of numbers. Pantech's proposed unilateral supplementation of IDC's sales estimate is more prejudicial than probative inasmuch as it extends to March 2024 but the OnePlus sales data goes only to the end of 2023, which only serves to increase the difference between the IDC estimate and the actual sales data. The difference in date ranges of the two sets of numbers would cause jury confusion calculated to benefit Pantech and is unimportant in any event as the additional sales Pantech seeks to add are relatively small.

Because the LG ████████████████ and IDC estimate supplementation are unimportant, there is no reason to re-open expert discovery.

## B.    Re-Opening Expert Discovery Would Severely Prejudice OnePlus

Pantech's assertion that its expert could not evaluate the LG ████████████████ "prior to its existence, and had no reason to prior to the retrial being scheduled," Mot. 7, n.2, ignores that Pantech and its expert have had asymmetrical access to all of the ████████ materials for months. Pantech represented on June 20, 2024, that it and LG had "reached a settlement, in principle, of all matters in controversy between them." Ex. 1, *Pantech Corp. v. LG Elecs. Inc.*, No. 5:22-cv-00113-RWS-JBB, at 1 (E.D. Tex. June 20, 2024) (ECF 369) (Order). At the same time, it became clear that another trial on damages in this case was likely. Dkt. 351 (Transcript of June 27, 2024 hearing) at 6:5–13 ("[T]here's no question in my mind that there will be a new trial on damages for the patents that survive JMOL."). By July 22, 2024, Pantech and LG had already prepared "an agreed term sheet" and exchanged "multiple drafts of a final settlement agreement." Ex. 2, *Pantech Corp. v. LG Elecs. Inc.*, No. 5:22-cv-00113-RWS-JBB, at 1 (E.D. Tex. July 22, 2024) (ECF 370) (Unopposed Motion to Continue Stay of All Deadlines). Pantech's expert has had months to develop the opinions in his supplemental report, but Pantech's proposed expert

discovery schedule gives OnePlus mere days to conduct underlying document and deposition discovery and to prepare a supplemental damages report.

The need for such discovery is far from "disingenuous," as Pantech contends, Mot. 7, and is evident upon review of Dr. Putnam's proposed supplemental report.  Contrary to Dr. Putnam's assertion that to "unpack[]" ███████████████████████████████████ ████████████████████████████████ Mot. Ex. A (Proposed Supplemental Report of Dr. Putnam) at ¶¶ 10, 12, he made multiple downward adjustments to ██ ██ —none of which applied to his "unpacking" of the ███ settlement—to support his conclusion that ███████████████████████████ Id. at ¶ 13, Exs. 13S, 13.1S.

As one such example, Dr. Putnam adjusted the number █████████████████ ████████████████████████, for which he did not adjust the ██ settlement.  Id. at ¶ 12, n.10.  This adjustment is non-standard and renders his opinion unreliable and unhelpful to the jury.  OnePlus should be permitted to depose Dr. Putnam to explain his analysis for purposes of a *Daubert* challenge, which is not accounted for in Pantech's proposed schedule.  OnePlus should also be permitted to conduct fact discovery to provide its own damages expert an opportunity to reach an opinion as to the correct ██████████████.

For instance, the LG █████ includes █████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████ If supplementation were allowed, OnePlus would seek additional fact discovery, including from LG, to better understand the true █████████████████ ████████████████.  Such an endeavor may require other experts ████████ ████████████



The LG ███████████ includes ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ Mot. Ex. B, at ¶ 1.29. ████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ Mot. Ex.

A at ¶ 9, n.6, Ex. 2S. ████████████████████████████

████████████████████████████████████████████████

████████

Dr. Putnam also opines that LG's ████████████████████████████,″ Mot.

Ex. A at ¶ 13, n.11, ████████████████████████████████

████ Dr. Putnam does not cite to any document Pantech produced in the litigation or include this

████████ with his report.  To the extent this opinion finds any support, Pantech has given Dr.

Putnam asymmetrical access to such information but has withheld it from OnePlus and its damages

expert.

Dr. Putnam should not be permitted to support his opinion with undisclosed information.

Pantech's failure to produce the noted documents and information is reason enough to deny this

Motion and raises the question what other relevant licenses and agreements exist that Pantech

failed to produce.  *See Newberry v. Disc. Waste, Inc.*, No. 4:19-cv-00147, 2020 WL 363775, at *3

(E.D. Tex. Jan. 22, 2020) ("Courts within the Fifth Circuit recognize that making untimely,

substantive changes to expert reports presents real prejudice to the other side, and courts routinely

disallow litigants from making untimely disclosures"); *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-

6

cv-00220-MLH (KSx), 2020 WL 978731, at *5 (C.D. Cal. Feb. 28, 2020) (denying request for leave to use supplemental expert report, finding the non-moving party was "highly prejudiced by the untimely disclosure" of a supplemental report presented less than six weeks before the scheduled trial date); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, No. 19-1031-RGA, 2021 WL 5356293, at *3 (D. Del. Nov. 17, 2021) (excluding damages theory where "[a]llowing the new theory would have meant that Comcast could not have obtained targeted discovery around the factual basis of the theory.").

### C.     Re-Opening Expert Discovery Would Require a Continuance

Trial is about five weeks away.  Untangling this discovery knot would derail the current Docket Control Order while improperly hampering OnePlus's trial preparation efforts.  There is no practicable way for OnePlus to complete by then the discovery and rebuttal report prompted by Dr. Putnam's proposed supplementation.

Courts in this position have declined to grant a continuance and kept out the new evidence. *See, e.g., Newberry*, No. 4:19-CV-00147, 2020 WL 363775, at *4 ("To cure the prejudice to Defendant, the Court must disrupt the January 2020 Final Pretrial Conference date and the March 2020 trial date.  This is not a viable option at this stage of the litigation."); *see also ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 515, 523 (Fed. Cir. 2012) (finding no abuse of discretion in district court's exclusion of damages evidence presented "on the eve of trial").  Even Pantech's own case law acknowledges this fact. *Huawei Tech. Co., Ltd. v. Yiren Huang*, 2019 WL 2267045, at *3 (E.D. Tex. May 28, 2019) ("With trial soon approaching, the Court is not inclined to grant a continuance.  This factor, therefore, weighs against [the moving party].").

Pantech misapprehends *Image Processing*, which did not hold a continuance was not necessary because trial was two months away as suggested in its Motion. *See* Mot. 8.  Rather, the Court held that a continuance was not necessary because there was no prejudice to mitigate. *Image*

7

████████████████████████████████████

*Processing Techs.*, 2020 WL 2499810, at *4 (holding no prejudice where supplementation served years before trial and non-movant granted an additional supplemental damages report).

Accordingly, Pantech's Motion should be denied. If the Court is inclined to re-open expert discovery, then the pre-trial and trial dates should be continued to no earlier than December 4th and 17th, respectively, in view of Pantech's conflict through the month of November. *See* Mot. 8 n.4. Pantech concedes that such continuation "would cause limited disruption to the case as a whole." Mot. 8.

## III.    CONCLUSION

In view of the foregoing, Pantech's Motion to Reopen Discovery should be denied. If the Court grants Pantech's Motion, a continuance should be entered to permit OnePlus a sufficient opportunity to complete its expert discovery.

Date: September 9, 2024

Respectfully Submitted,

/s/ G. Blake Thompson
**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 East Line Street, Suite 304
Tyler, TX 75702
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

David M. Airan (lead counsel)
Wesley O. Mueller
Robert T. Wittmann
Paul J. Filbin
Leonard Z. Hua
Christopher J. Gass
John K. Winn
Nicole E. Kopinski
Pei Chen
Michael J. Schubert
James W. Sanner
LEYDIG, VOIT & MAYER, LTD.

Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
dairan@leydig.com
wmueller@leydig.com
bwittmann@leydig.com
pfilbin@leydig.com
lhua@leydig.com
cgass@leydig.com
jwinn@leydig.com
nkopinski@leydig.com
rchen@leydig.com
mschubert@leydig.com
jsanner@leydig.com

Richard L. Rainey
Peter A. Swanson
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5565
Facsimile: (202) 778-5565
RRainey@cov.com
PSwanson@cov.com

***Attorneys for Defendant,***
***OnePlus Technology (Shenzhen) Co., Ltd.***

9



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on September 9, 2024, and Defendant served a true and correct copy of the foregoing document on Plaintiffs' counsel of record by electronic mail.

_/s/ G. Blake Thompson_
**G. Blake Thompson**

10