**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., <br><br> Defendant. | C.A. No. 5:22-cv-00069-RWS <br><br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO. LTD.'S**
**MOTIONS *IN LIMINE***

## <u>TABLE OF CONTENTS</u>

I.      ONEPLUS MIL NO. 6: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PRE-SUIT NEGOTIATIONS BETWEEN THE PARTIES OR ONEPLUS ALLEGEDLY BEING A "HOLDOUT," AN "UNWILLING LICENSEE," OR ACTING IN BAD FAITH ...........................................................................................1

II.     ONEPLUS MIL NO. 7: NO EVIDENCE, TESTIMONY, OR ARGUMENT SUGGESTING THAT THE OPPOSING PARTY FAILED TO CALL ANY WITNESS. THE PARTIES SHALL ALSO BE PRECLUDED FROM MAKING ANY MENTION OR STATEMENT OF PROBABLE TESTIMONY OF A WITNESS WHO IS ABSENT, UNAVAILABLE, OR WILL NOT BE CALLED OR ALLOWED TO TESTIFY LIVE OR BY DEPOSITION IN THIS CASE. IN SHORT, NEITHER PARTY SHALL "TRY THE EMPTY CHAIR." ......................................................................................................4

III.    ONEPLUS MIL NO. 8: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PANTECH'S NEGOTIATIONS, LITIGATION, OR SETTLEMENT WITH LG ELECTRONICS.................................................................................................5

IV.     ONEPLUS MIL NO. 9: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE PRIOR TRIAL OR JURY'S FINDINGS ON THE ISSUES OF LIABILITY, VALIDITY, OR DAMAGES ........................................................................5

V.      ONEPLUS MIL NO. 10: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING WILLFUL INFRINGEMENT .................................................................6

VI.     ONEPLUS MIL NO. 11: NO EVIDENCE, TESTIMONY, OR ARGUMENT THAT THE JURY MAY ENHANCE DAMAGES IN ORDER TO PUNISH ONEPLUS AND/OR COMPENSATE PANTECH FOR ITS LITIGATION EXPENSES..................7

VII.    ONEPLUS MIL NO. 12: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE VALUE OF THE '247 PATENT BASED ON PATENT FAMILY CITATION COUNTS........................................................................................................7

VIII.   ONEPLUS MIL NO. 13: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE "NINE PROBLEMS" ALLEGEDLY SOLVED BY THE '654 PATENT .......................................................................................................................9

IX.     VIII. ONEPLUS MIL NO. 14: NO UNDISCLOSED DAMAGES THEORIES OR ARGUMENTS...............................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Acorn Semi, LLC v. Samsung Elecs. Co. Ltd.*,
  Civ. A. No. 2:19-cv-347-JRG, Dkt. 331 (E.D. Tex. Apr. 29, 2021) ......................................... 4

*Broadband iTV, Inc. v. Amazon.com, Inc.*,
  No. 2023-1107, 2024 WL 4018253 (Fed. Cir. Sept. 3, 2024) .................................................. 11

*Carpenter Tech. Corp. v. Allegheny Techs., Inc.*,
  No. CIV.A. 08-2907, 2012 WL 5507447 (E.D. Pa. Nov. 14, 2012) ......................................... 3

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) .................................................................................................................. 9

*Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*,
  946 F.3d 1367 (Fed. Cir. 2020) ................................................................................................ 1

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
  No. 2:15-CV-1202-WCB, 2017 WL 959592 (E.D. Tex. Mar. 13, 2017)................................. 9

*G+ Comm,ns, LLC v. Samsung Elecs. Co., Ltd.*,
  2:22-CV-0078-JRG, Dkt. No. 626 (E.D. Tex. April 12, 2024) ................................................ 6

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ......................................................................................... 1

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
  No. CV 15-634-JFB, 2019 WL 1877189 (D. Del. Apr. 26, 2019),
  *aff'd*, 967 F.3d 1380 (Fed. Cir. 2020).................................................................................. 1, 7

*Hillman Grp., Inc. v. KeyMe, LLC*,
  No. 2:19-CV-00209-JRG, 2021 WL 1248180 (E.D. Tex. Mar. 30, 2021)................................ 4

*Immersion Corp. v. Samsung Elecs. Am., Inc.*,
  No. 2:17-cv-00572-JRG, Dkt. 188 (E.D. Tex. May 2, 2019) ................................................... 4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) .................................................................................................... 2

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ................................................................................................ 5

*Mendenhall v. Cedarapids, Inc.*,
  5 F.3d 1557 (Fed. Cir. 1993) .................................................................................................... 6

██████████████████████████

*Meridian Mfg., Inc. v. C & B Mfg., Inc.*,
    340 F. Supp. 3d 808 (N.D. Iowa 2018) ........................................................................ 7

*MiiCs & Partners, Inc. v. Funai Electric Co., Ltd.*,
    Civ. A. No. 14-804-RGA, 2017 WL 6268072 (D. Del. May 22, 2018) ...................... 2

*ResQNet.com, Inc. v. Lansa, Inc.*,
    594 F.3d 860 (Fed. Cir. 2010) ..................................................................................... 7

*VirnetX, Inc. v. Apple, Inc.*,
    No. 6:12-cv-855, 2016 WL 4063802 (E.D. Tex. July 29, 2016) ................................. 6

*WhitServe, LLC v. Comput. Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012) ....................................................................................... 2

**Statutes**

35 U.S.C. § 284 ........................................................................................................................ 1

35 U.S.C. § 285 ........................................................................................................................ 7

**Rules**

Fed. R. Evid. 402 ........................................................................................................... passim

Fed. R. Evid. 403 ........................................................................................................... passim

Fed. R. Evid. 408 ............................................................................................................... 2, 3

iv

███████████████████████████████

For the new trial on damages, OnePlus moves *in limine* as follows.

## I.     ONEPLUS MIL NO. 6: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PRE-SUIT NEGOTIATIONS BETWEEN THE PARTIES OR ONEPLUS ALLEGEDLY BEING A "HOLDOUT," AN "UNWILLING LICENSEE," OR ACTING IN BAD FAITH

As this Court previously recognized, Plaintiffs' accusation that OnePlus was a "holdout" was among the "[m]ost prejudicial" incidents at the first trial. Dkt. 360 at 29. Plaintiffs "inappropriately leveraged" irrelevant and prejudicial evidence to paint OnePlus as an "unwilling licensee" in order to inflate its damages. *Id*. To prevent the second jury from being similarly prejudiced against OnePlus, the Court should preclude Plaintiffs from presenting any evidence or argument regarding the parties' pre-suit negotiations, referring to OnePlus as a "holdout," an "unwilling licensee," or otherwise arguing that OnePlus acted in bad faith.

The parties' negotiations are not relevant to any issue to be tried to the jury. The jury's only responsibility is to determine a reasonable royalty for the four patents remaining in the case. There is no issue of willfulness for the jury to decide, and the jury should not consider OnePlus's allegedly willful infringement in determining the appropriate damages. Dkt. 360 at 29 ("[T]he Court—not the jury—is responsible for adjusting the award to account for any alleged willfulness."); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) ("As the plain language of 35 U.S.C. § 284 makes clear, the issue of punishment by enhancement is for the court and not the jury."); *see also Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. CV 15-634-JFB, 2019 WL 1877189, at *7 (D. Del. Apr. 26, 2019), *aff'd*, 967 F.3d 1380 (Fed. Cir. 2020) ("unwilling licensee" and "hold out" argument not relevant outside of willfulness claim).

Under the governing *Georgia-Pacific* framework, a reasonable royalty should be based on a hypothetical negotiation between a willing licensee and licensor at the time infringement began.

See, e.g., LaserDynamics, Inc. v. Quanta Comput., Inc., 694 F.3d 51, 75 (Fed. Cir. 2012). Plaintiffs' damages are further limited by its obligation to license the three allegedly standard-essential patents on fair, reasonable, and non-discriminatory (FRAND) terms. See Trial Tr. (Mar. 29, 2024) 1062:15–21, 1067:9–11 (instructing jury). Neither the pre-suit communications nor OnePlus's alleged unwillingness to license Pantech's patents bears on the jury's damages decision.

The expert testimony that the jury will hear confirms that negotiations have no place in the upcoming trial. Plaintiffs' damages expert, Dr. Putnam, did not consider the parties' negotiations in forming his opinions (see Ex. 1, Putnam Dep. Tr. at 32:15–17) and, for this reason, the Court sustained OnePlus's objection during trial when Pantech attempted to ask Dr. Putnam about OnePlus's alleged holdout behavior. Trial Tr. (Mar. 27, 2024) at 666:22–670:10. Both parties' experts rely on actual licenses and settlement agreements—with the principal disagreement concerning which of these agreements are appropriate for determining damages in this case. The parties' negotiations have nothing to say about that issue. MiiCs & Partners, Inc. v. Funai Elec. Co., Ltd., Civ. A. No. 14-804-RGA, 2017 WL 6268072, *4 (D. Del. May 22, 2018) (unaccepted offer for license improperly considered because "patentees could artificially inflate the royalty rate by making outrageous offers") (citing WhitServe, LLC v. Comput. Packages, Inc., 694 F.3d 10, 29-30 (Fed. Cir. 2012)). The evidence is therefore irrelevant to the reasonable royalty analysis and should be excluded under Federal Rule of Evidence ("FRE") 402.

Plaintiffs' evidence and arguments should also be excluded under FRE 403 and 408. The prior trial demonstrates that any probative value of any evidence of holding out or bad-faith conduct is substantially outweighed by unfair prejudice to OnePlus. Evidence relating to the pre-suit negotiations would also be misleading and confusing to the jury. Discussions of the pre-suit negotiations would discourage the jury from applying the proper legal framework and encourage

the jury to give weight to irrelevant factors. Any reference to OnePlus as a "holdout" or an "unwilling licensee" serves no purpose other than to inflame the jury. Furthermore, under FRE 408, conduct and statements made during compromise negotiations cannot be used to "prove or disprove the validity or amount of a disputed claim." FED. R. EVID. 408. Thus, they cannot be used as evidence of the amount of the damages. *Carpenter Tech. Corp. v. Allegheny Techs., Inc*., No. CIV.A. 08-2907, 2012 WL 5507447, at *1–2 (E.D. Pa. Nov. 14, 2012) (party "may not introduce evidence of the parties' license and settlement negotiations for the purpose of measuring . . . damages").

Pantech should likewise be precluded from referencing other litigations including unrelated litigation in United Kingdom and Germany. The Court previously granted Pantech's MIL 1, which precluded evidence, argument or testimony regarding "[p]rior or ongoing litigation involving either party . . . ." Dkt. 211 at 4. Notwithstanding this MIL, Pantech sought to introduce evidence and presented argument that concerned wholly unrelated litigations in the United Kingdom and Germany.[1] *See* Trial Tr. 723:11-730:5. It did so as part of its concerted effort to improperly paint OnePlus as an "unwilling licensee." *See, e.g.*, Trial Tr. (Mar. 27, 2024) 726:17–730:8. Undeterred by the Court's agreement with OnePlus's objection that these questions were prejudicial (*id*. at 728:9–729:8, 729:19–730:5), Pantech continued down this track, prompting a further objection that the Court sustained. Sealed Trial Tr. (3/28/24) 44:3–7. The Court noted the prejudicial effect of this evidence: "Most prejudicial are Pantech's excessive questions about litigation in the United

---

[1] During trial, counsel for Pantech incorrectly characterized an exception to this MIL, contending the parties were permitted to "talk about litigation to the extent that the licenses are a product of them." Trial Tr. at 719:17–24. That was incorrect. OnePlus only agreed that the parties "can show whether a license arises out of litigation." OnePlus's Opposition to Plaintiffs' Motions *in Limine*. Dkt. 199 at 1, n.1. OnePlus did not agree, and the Court should not allow, testimony and argument related to substance or findings of other litigation—foreign or domestic.

Kingdom and Germany and Pantech's closing arguments that suggested to the jury that they should increase the damages to punish OnePlus for its holdout behavior." Dkt. 360 at 29.

## II.    ONEPLUS MIL NO. 7: NO EVIDENCE, TESTIMONY, OR ARGUMENT SUGGESTING THAT THE OPPOSING PARTY FAILED TO CALL ANY WITNESS. THE PARTIES SHALL ALSO BE PRECLUDED FROM MAKING ANY MENTION OR STATEMENT OF PROBABLE TESTIMONY OF A WITNESS WHO IS ABSENT, UNAVAILABLE, OR WILL NOT BE CALLED OR ALLOWED TO TESTIFY LIVE OR BY DEPOSITION IN THIS CASE. IN SHORT, NEITHER PARTY SHALL "TRY THE EMPTY CHAIR."

Neither party should be allowed to make "empty chair" arguments for any witness who does not appear at trial or only testifies by deposition.  This is the standard approach in another Eastern District of Texas court and is appropriate to use here. *See, e.g., Hillman Grp., Inc. v. KeyMe, LLC*, No. 2:19-CV-00209-JRG, 2021 WL 1248180, at *6 (E.D. Tex. Mar. 30, 2021) (granting motion *in limine* forbidding parties from referencing the absence of any witness); *Acorn Semi, LLC v. Samsung Elecs. Co. Ltd*., Civ. A. No. 2:19-cv-347-JRG, Dkt. 331 at 22 (E.D. Tex. Apr. 29, 2021) (Defendants' MIL 13) (granting motion *in limine* to preclude the parties from referencing or criticizing the identity, presence, or absence of corporate representatives, or parties' employees or officers in the courtroom; stating "[n]either party is permitted to make 'empty chair' arguments" or "identify employees or representatives who are present in the courtroom but not participating in the trial."); *Immersion Corp. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00572-JRG, Dkt. 188 at 6 (E.D. Tex. May 2, 2019) (Samsung MIL 6) (precluding parties from making references "regarding the presence or absence from the courtroom of any party's corporate representatives, employees, or officers") *see also* Ex. 2, (Standing Order on Motions *In Limine* in Cases Assigned to Judge Gilstrap) at 4 (Court MIL No. 25). The Court should also preclude the parties from making any mention or statement of probable testimony of a witness who is absent, unavailable, or will not be called or allowed to testify live or by deposition in this case.

4

## III.    ONEPLUS MIL NO. 8: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PANTECH'S NEGOTIATIONS, LITIGATION, OR SETTLEMENT WITH LG ELECTRONICS

The Court denied Pantech's motion to reopen discovery to add a settlement agreement between Pantech and LG Electronics. Dkt. 377. In its Order, the Court recognized that "[a]llowing Plaintiffs to exploit this situation to reopen expert discovery and present expanded damages theories would be unfair and prejudicial." *Id.* at 2. For those same reasons, it follows that Pantech should not be allowed to submit evidence, testimony, or argument during trial pertaining to its negotiation, litigation, or resulting settlement with LG Electronics under FRE 402 and 403.

## IV.    ONEPLUS MIL NO. 9: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE PRIOR TRIAL OR JURY'S FINDINGS ON THE ISSUES OF LIABILITY, VALIDITY, OR DAMAGES

The Court should preclude Pantech from presenting evidence or argument or referring to the prior trial or prior jury's verdict on liability (including inducement and willfulness), validity, or damages under FRE 402 and 403. OnePlus recognizes that the jury's prior adjudication of liability and validity remains in place and, subject to OnePlus's disagreement with those verdicts and rights to appeal, does not object to a reasonable instruction from the Court tailored to inform the jury of those prior findings. This re-trial, however, is limited to the issue of damages, which the parties agree are limited to a reasonable royalty and, with respect to the SEP patents, are further limited to FRAND. Pantech should not be permitted to present argument or evidence related to infringement liability or validity, including with respect to willfulness or inducement, as the damages inquiry intrinsically "assumes that the asserted patent claims are valid and infringed." *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("The hypothetical negotiation also assumes that the asserted patent claims are valid and infringed."). It, therefore, is not relevant that a prior jury found the patents infringed and not invalid.

Permitting Pantech to reference the prior trial and/or previous adjudication of these patents would be highly and unduly prejudicial to OnePlus. *VirnetX, Inc. v. Apple, Inc.*, No. 6:12-cv-855, 2016 WL 4063802 at *1 (E.D. Tex. July 29, 2016) (awarding a new trial because references to a prior jury verdict potentially confused the jury and unfairly prejudiced Apple, and noting that "describing a prior verdict before a jury often prejudices a party."). This prejudice would substantially outweigh any possible relevance of the prior trial, as there is a risk it would "improperly influence" the jury's "fact finding mission" in the new damages trial. *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1574 (Fed. Cir. 1993).

To the extent any information is given to the jury about the prior trial, it should come from the Court through an appropriate jury instruction. Such instruction should recognize OnePlus's disagreement with the verdict and the fact it has preserved its right to appeal all issues. *See, e.g., G+ Comm'ns, LLC v. Samsung Elecs. Co., Ltd.*, 2:22-CV-0078-JRG, at 2 (E.D. Tex. April 12, 2024) (ECF 626).

## V.    ONEPLUS MIL NO. 10: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING WILLFUL INFRINGEMENT

The Court should preclude Pantech from presenting evidence, testimony, or argument or referring to willful infringement by OnePlus. Such evidence, testimony, and argument are irrelevant to damages and should be excluded under FRE 402 and 403.

The Court granted OnePlus's motion for a new trial on the limited issue of damages, which the parties agree are limited to a reasonable royalty and, with respect to the SEP patents, are further limited to FRAND. The issue of willful infringement was decided by the jury in the prior trial. Reference to infringement by OnePlus being willful can only serve to prejudice OnePlus by inviting the jury to improperly punish it. It is not relevant to the jury's assessment of the appropriate amount of damages as this Court observed. Dkt. 360 at 29 ("[T]he Court—not the jury—is

responsible for adjusting the award to account for any alleged willfulness.") (citing *Godo Kaisha*, 2019 W 1877189, at *7).

## VI.    ONEPLUS MIL NO. 11: NO EVIDENCE, TESTIMONY, OR ARGUMENT THAT THE JURY MAY ENHANCE DAMAGES IN ORDER TO PUNISH ONEPLUS AND/OR COMPENSATE PANTECH FOR ITS LITIGATION EXPENSES

The Court should preclude Pantech from presenting evidence, testimony, or argument that any damages award may compensate Pantech for litigation expenses/fees or to punish OnePlus. Such evidence, testimony, and argument are irrelevant to a reasonable royalty and should be excluded under FRE 402 and 403. *Meridian Mfg., Inc. v. C & B Mfg., Inc.*, 340 F. Supp. 3d 808, 847 (N.D. Iowa 2018) (noting "litigation costs are irrelevant to the reasonable royalty consideration. The hypothetical reasonable calculation must occur before the litigation because litigation can 'skew the results' of the negotiation.") (citing *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010). Nor may the jury seek to punish OnePlus through an inflated damages award. Dkt. 360 at 29 ("[T]he Court—not the jury—is responsible for adjusting the award to account for any alleged willfulness.") (citing *Godo Kaisha,* 2019 W 1877189, at *7). To the extent litigation costs may be taken into account, they are only relevant to any award of fees and costs if, for example, the Court finds the case is exceptional. 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); Dkt. 360 at 29.

## VII.    ONEPLUS MIL NO. 12: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE VALUE OF THE '247 PATENT BASED ON PATENT FAMILY CITATION COUNTS

The Court should preclude Pantech from presenting evidence or argument regarding the value of the '247 patent based on patent family citation counts. Any probative value of such evidence and argument is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* FED. R. EVID. 402, 403.

The '247 patent issued from one of a chain of over a dozen continuation applications all claiming priority to provisional patent applications filed in 2003 and 2004. As explained in the first application examined by the Patent Office, the disclosure is directed to "coordinating Node-B's [i.e., base stations] during handover" from one base station to another. Ex. 3 (U.S. Pat. 7,046,648) at Abstract. Specifically, the base stations are all informed that a particular base station is designated to be a "primary" base station which then "schedules [enhanced uplink (EU)] transmission and performs ACK/NACK during soft handover." *Id*.

The early patents in the '247 patent family were declared to be essential to TS 25.309—a 3G standard.  Ex. 4 (Pantech's Second Supp. Resp. to OnePlus's First Set of Interrog.) at 50. After a long-line of patents in the chain issued with handover claims related to the 3G standard, the patentee changed tack. The '247 patent issued on December 15, 2020, with claims directed to re-transmitting data packets based on scheduling information and not on receiving a NACK (unlike in 3G which re-transmits after receiving a NACK). Ex. 5 ('247 patent) at claim 1. Pantech asserts that the '247 patent claims map to a 5G standard, not to a 3G standard. Trial Tr. (Mar. 25, 2024) 361:18–22, 344:16–18.

To value the '247 patent, Dr. Putnam employed "counts of citations that each [Pantech] patent family receives from the families of subsequently examined patents." Ex. 6 (Putnam Expert Report) ¶ 297 at 139. He relied on the assumption that the relative value of the '247 patent is related to the number of citations its entire patent family receives. However, the forward-citation count of the numerous handover patents in the '247 patent family related to 3G is not relevant to the value of the outlier '247 patent, which is directed to 5G.

The danger of unfair prejudice, confusing the issues, and misleading the jury as to the value of the '247 patent would substantially outweigh the probative value of evidence and testimony

regarding the citation count for the family of the '247 patent. Any complaint by Pantech that this issue should have been raised at *Daubert* is unavailing. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 959592, at *3 n. 4 (E.D. Tex. Mar. 13, 2017) ("[T]he deadline for Daubert motions does not bar challenges to irrelevant or unduly prejudicial evidence through a motion *in limine*."). Here, OnePlus challenges the relevance of a citation count for a patent family directed to subject matter wholly unrelated to the '247 patent claims.

## VIII. ONEPLUS MIL NO. 13: NO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE "NINE PROBLEMS" ALLEGEDLY SOLVED BY THE '654 PATENT

Pantech should be precluded from presenting testimony from Mr. Mauro regarding irrelevant "problems" allegedly solved by the '654 patent. Although the Court previously indicated that this testimony would be conditionally admissible at the first trial—*see* Dkt. 178 at 40–41—it is now plainly irrelevant and highly prejudicial to OnePlus in the second trial, which is focused solely on damages. Infringement and validity are not at issue in this trial, and Mr. Mauro's testimony should be excluded under FRE 402 and 403.[2]

The "nine problems" that Mr. Mauro contends are related to the '654 patent are addressed in his expert reports. *See* Ex. 7 (Mauro Initial Expert Rep.) at ¶¶ 50–77, Ex. 8 (Mauro Rebuttal Expert Rep.) at ¶¶ 62–86. These alleged problems, however, are not identified by any inventor or other fact witness, are not found anywhere in the actual '654 patent specification, and are wholly irrelevant to the issue of damages. There is no evidence that any party, let alone OnePlus, has

---

[2] OnePlus's motion prior to the first trial sought to preclude this testimony, *see* Dkt. 82 at 9–10 and Dkt. 121 at 2–3, and Pantech argued in response that it was relevant to both infringement and validity, *see* Dkt. 105 at 8–10 and Dkt. 141 at 3–4. Pantech also made passing reference to "damages," *see id.*, but Mr. Mauro did not explain how these background problems actually provided differential value with respect to any products on the market.

implemented a solution to Mr. Mauro's problems. Indeed, the manner in which Pantech asserted the patent in the first trial is antithetical to the nine problems identified by Mr. Mauro.

The supposed problems identified by Mr. Mauro indisputably relate to using a terminal when the display is on: "The problems discussed above can be summarized as a combination of small screen size, complex interaction demands of apps, global hand size variation, error detection and error correction management, environmental conditions, and the fundamental large press area of the human finger as it interacts with targets on the Accused '654 Products." Ex. 7 at ¶ 76; Ex. 8 at ¶ 85. Ironically, this is consistent with the Court's *Markman* observation that "the invention is always described in an environment where the display is always on." Dkt. 51 (Claim Construction Op.) at 53. Pantech, however, argued for a broader construction of the asserted claims, and the Court agreed, that the claims were not limited to "selectively" removing content while the display is on. Dkt. 360 at 14–15. The Court recognized in its post-trial Order that Pantech prevailed on a theory in which the display is turned off after user inactivity. *Id*. Put simply, the "display-on" solutions to Mr. Mauro's nine problems are not implemented in OnePlus's products, and to suggest otherwise to the jury is contrary to the liability evidence. Any value of the '654 patent is unrelated to the problems hypothesized by Mr. Mauro.

Under FRE 402 and 403, it would be unfair and highly prejudicial to OnePlus for Mr. Mauro and Pantech to now suggest to the jury that OnePlus's phones infringe because they relate to using a phone when the display is on. That is not the theory of infringement here. Arguments directed to a factually incorrect liability theory in order to bolster the value of the '654 patent should not be permitted in the very limited time to try the damages issue. Even if it were possible to do so, OnePlus should not be forced to unscramble the liability issues that Pantech is attempting to inject through Mr. Mauro's irrelevant testimony. For example, OnePlus should not have to

10

revisit or explain Pantech's theory of liability—which will take a significant amount of trial time—in order to explain to the jury why Mr. Mauro's testimony is irrelevant and should be discounted.

None of the supposed solutions to Mr. Mauro's problems actually appear in the asserted claims. Indeed, as the Court recognized, "OnePlus is correct that the claims themselves provide little specificity as to the 'touched' and 'untouched' region and that significant portions of the claim rely on the normal function of general processors." Dkt. 196 at 16. The precision of a touch, or lack thereof, is also not claimed. Likewise, "the limited size of the screen" is irrelevant. The claims require only a "terminal apparatus," which can be of any size. Although the specification describes smart phones as a use case, the claims are not so limited.

Mr. Mauro's testimony as to the nine problems would suggest to the jury that Pantech obtained a patent on ineligible subject matter contrary to Pantech's position that the claims are patent eligible. As recently confirmed by new Federal Circuit law, however, claims directed to arranging content on user interfaces, such as those here, are not patentable. *See Broadband iTV, Inc. v. Amazon.com, Inc.*, No. 2023-1107, 2024 WL 4018253 (Fed. Cir. Sept. 3, 2024). Indeed, this precedential decision distinguishes the primary authority previously cited by Pantech in support of eligibility of its claims. It would be completely inappropriate for Mr. Mauro to testify that there is significant value in abstract concepts that are neither recited in the claims nor patentable.

## IX.    VIII.   ONEPLUS MIL NO. 14: NO UNDISCLOSED DAMAGES THEORIES OR ARGUMENTS

The Court should preclude Pantech from relying on the new "multiplier" damages theories and arguments from its post-trial briefing and any other damages theories or arguments that were not disclosed during discovery. For example, Pantech argued in its opposition to OnePlus's motion for JMOL that its evidence supported attributing "nearly all" of the value of Pantech's patent

portfolio to the three asserted SEPs—a theory that Pantech did not disclose before trial. Dkt. 312 at 44–46. As the Court recognized in its post-trial ruling, the "multiplier" theories of Pantech's post-trial briefing were not argued at trial. Dkt. 360 at 27. It would be inappropriate and unfairly prejudicial for Pantech to present such new theories and arguments in an effort to once again inflate the damages well beyond the figures its own expert proposed.

Date:  September 19, 2024                    Respectfully submitted,

                                            /s/ G. Blake Thompson
                                            **G. Blake Thompson**
                                            State Bar No. 24042033
                                            Blake@TheMannFirm.com
                                            **MANN | TINDEL | THOMPSON**
                                            112 E. Line Street, Suite 304
                                            Tyler, Texas 75702
                                            Telephone (903) 657-8540
                                            Facsimile (903) 657-6003

                                            LEYDIG, VOIT & MAYER, LTD.
                                            David M. Airan (lead counsel)
                                            Wesley O. Mueller
                                            Robert T. Wittmann
                                            Paul J. Filbin
                                            Leonard Z. Hua
                                            Christopher J. Gass
                                            John K. Winn
                                            Nicole Kopinski
                                            Pei Chen
                                            Michael J. Schubert
                                            James W. Sanner
                                            Two Prudential Plaza
                                            180 N. Stetson Ave., Suite 4900
                                            Chicago, IL 60601
                                            (312) 616-5600
                                            dairan@leydig.com
                                            wmueller@leydig.com
                                            bwittmann@leydig.com
                                            pfilbin@leydig.com
                                            lhua@leydig.com
                                            cgass@leydig.com

jwinn@leydig.com
nkopinski@leydig.com
rchen@leydig.com
mschubert@leydig.com
jsanner@leydig.com

Richard L. Rainey
Peter A. Swanson
Kevin B. Collins
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-5565
Facsimile: (202) 778-5565
RRainey@cov.com
PSwanson@cov.com
KCollins@cov.com

***Attorneys for Defendant
OnePlus Technologies
(Shenzhen) Co. Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on September 19, 2024, and Defendant served a true and correct copy of the foregoing document on Plaintiffs' counsel of record by electronic mail.

*/s/ G. Blake Thompson*
**G. Blake Thompson**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Defendant, Wesley O. Mueller, Christopher J. Gass and Michael J. Schubert met and conferred with counsel for Plaintiffs, Tripp Fussell, Gray Buccigross, Tiffany Miller, Courtney Krawice, and Kelly Tidwell, by videoconference on September 18, 2024.  Counsel for the parties met and conferred again on September 19, 2024. Counsel for Plaintiffs indicated that Plaintiffs are opposed to the relief sought by this Motion, such that the parties are at an impasse.

_/s/ G. Blake Thompson_
**G. Blake Thompson**

