IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>Defendant. | Case No. 5:22-cv-00069-RWS<br><br>**JURY TRIAL DEMANDED** |

## JOINT FINAL PRETRIAL ORDER

The Pretrial Conference is scheduled for October 2, 2024 pursuant to the Court's Order (Dkt. No. 368) and Rule 16 of the Federal Rules of Civil Procedure. The following parties submit this Joint Pretrial Order: Plaintiffs Pantech Corporation and Pantech Wireless, LLC (collectively, "Plaintiffs" or "Pantech") and Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("Defendant" or "OnePlus"). This Joint Pretrial Order is not intended to supersede the Amended Joint Final Pretrial Order filed at Dkt. No. 228 but is rather provided to highlight the contentions and issues for the trial scheduled for October 15, 2024, which is limited in scope to the issue of damages.

A.   **COUNSEL FOR THE PARTIES**

    **Plaintiffs:**

        Geoffrey Culbertson
        Kelly Tidwell
        PATTON TIDWELL & CULBERTSON, LLP
        2800 Texas Blvd. (75503)
        Post Office Box 5398
        Texarkana, TX 75505-5398

    (P) (903) 792-7080
    (F) (903) 792-8233
    gpc@texarkanalaw.com
    kbt@texarkanalaw.com
    James A. Fussell, III (lead counsel)
    Jamie B. Beaber
    Alan M. Grimaldi
    Tiffany A. Miller
    Clark S. Bakewell
    Tariq Javed
    Seth W. Bruneel
    Courtney Krawice
    William Brady Nash
    Young Kyoung (Claire) Kim
    MAYER BROWN LLP
    1999 K Street, N.W.
    Washington, D.C. 20006
    (202) 263-3000
    jfussell@mayerbrown.com
    jbeaber@mayerbrown.com
    agrimaldi@mayerbrown.com
    tmiller@mayerbrown.com
    cbakewell@mayerbrown.com
    tjaved@mayerbrown.com
    sbruneel@mayerbrown.com
    ckrawice@mayerbrown.com
    bnash@mayerbrown.com
    clairekim@mayerbrown.com

    Graham (Gray) M. Buccigross
    MAYER BROWN LLP
    Two Palo Alto Square, Suite 300
    3000 El Camino Real
    Palo Alto, CA 94306
    (650) 331-2000
    gbuccigross@mayerbrown.com

**Defendant:**

    G. Blake Thompson
    State Bar No. 24042033
    Blake@TheMannFirm.com
    J. Mark Mann
    State Bar No. 12926150
    Mark@TheMannFirm.com

MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone (903) 657-8540
Facsimile (903) 657-6003

LEYDIG, VOIT & MAYER, LTD.
David M. Airan (lead counsel)
Wesley O. Mueller
Robert T. Wittmann
Paul J. Filbin
Leonard Z. Hua
Christopher J. Gass
John K. Winn
Nicole E. Kopinski
Pei Chen
Michael J. Schubert
James W. Sanner
Two Prudential Plaza
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601
(312) 616-5600
dairan@leydig.com
bwittmann@leydig.com
wmueller@leydig.com
pfilbin@leydig.com
lhua@leydig.com
cgass@leydig.com
jwinn@leydig.com
nkopinski@leydig.com
rchen@leydig.com
mschubert@leydig.com
jsanner@leydig.com

Richard L. Rainey
Peter A. Swanson
Kevin B. Collins
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-5565
Facsimile: (202) 778-5565
RRainey@cov.com
Pswanson@cov.com

Kcollins@cov.com

B.   **STATEMENT OF JURISDICTION**

This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction is not contested by any party.

C.   **NATURE OF ACTION**

This is a suit for patent infringement under 35 U.S.C. § 271. The patents asserted by Pantech in this case are U.S. Patent Nos. 10,869,247 (the "'247 Patent"), 9,063,654 (the "'654 Patent"), 8,893,052 (the "'052 Patent"), 11,012,954 (the "'954 Patent"), and 9,548,839 (the "'839 Patent"). A jury trial was held on March 25-29, 2024. Following the conclusion of that trial, the jury rendered a verdict finding the following:

- Pantech proved by a preponderance of the evidence that OnePlus infringes Claim 1 of the '247 Patent;

- Pantech proved by a preponderance of the evidence that OnePlus infringes Claims 6 and 9 of the '954 Patent;

- Pantech proved by a preponderance of the evidence that OnePlus infringes Claims 9 and 11 of the '839 Patent;

- Pantech proved by a preponderance of the evidence that OnePlus infringes Claims 1, 6, and 10 of the '654 Patent;

- Pantech proved by a preponderance of the evidence that OnePlus infringes Claims 10 and 17 of the '052 Patent;

- OnePlus did not prove by clear and convincing evidence that Claims 1, 6, or 10 of the '654 Patent are invalid;

- OnePlus did not prove by clear and convincing evidence that Claims 10 or 17 of the '052 Patent are invalid;

- Pantech proved by a preponderance of the evidence that $7.41 million USD would fairly and reasonably compensate Pantech for its damages resulting from infringement of the '247, '839, and/or '954 Patents;

- Pantech proved by a preponderance of the evidence that $2.85 million USD would fairly and reasonably compensate Pantech for its damages resulting from infringement of the '654 and/or '052 Patents;

- Pantech proved by a preponderance of the evidence that OnePlus's infringement of the '247, '839, '954, '654, and '052 Patents was willful;

- OnePlus did not prove by a preponderance of the evidence that licensed base stations sold in the United States substantially embody the '839 and/or '954 Patents.

Following the jury trial, the parties filed a series of post-trial motions which were decided by an Order issued on August 14, 2024. Dkt. No. 360. The Court issued the following rulings in that Order:

- OnePlus's Motion to Dismiss for Lack of Standing (Docket No. 299): Denied.

- OnePlus's Motion for Judgment as a Matter of Law (Docket No. 300) that OnePlus does not infringe—willfully, directly, or by inducement—the asserted claims of the '052 patent: Granted.

- OnePlus's Motion for Judgment as a Matter of Law (Docket No. 300) that OnePlus does not infringe—willfully, directly, or by inducement—the asserted claims of the 654, 839, 247, and 954 patents: Denied.

- OnePlus's Motion for Judgment as a Matter of Law (Docket No. 300) that the asserted claims of the '052 and '654 patents are invalid: Denied.

- OnePlus's Motion for Judgment as a Matter of Law (Docket No. 300) that the licensed base stations substantially embody the '839 and '954 patents and that the '839 and '954 patents are exhausted: Denied.

- OnePlus's Motion for Judgment as a Matter of Law of no damages (Docket No. 300): Granted-in-Part as to the '052 patent; Denied-in-Part as to the remaining asserted patents.

- OnePlus's Motion for a New Trial (Docket No. 300): Granted-in-Part as to damages for the '247, '839, '954, and '654 Patents;

- Pantech's Motion for Entry of Judgment (Docket No. 302): Denied without prejudice as premature;

- Pantech's Motion for Award of Attorneys' Fees and Enhancement (Docket No. 303): Denied without prejudice as premature; and

- Pantech's Motion for Bill of Costs (Docket No. 308): Denied without prejudice as premature.

Dkt. No. 360.[1] The Court scheduled jury trial for October 15, 2024. *Id.*

At the trial scheduled for October 15, 2024, the only issue to be determined by the jury is the appropriate amount of damages for OnePlus's infringement of the '247, '839, '954, and '654 Patents (hereinafter, the "Patents-in-Suit"). Pantech seeks pre- and post-verdict damages to compensate Pantech for OnePlus's acts of infringement, but in no event less than a reasonable royalty. Pantech also seeks recovery of its attorneys' fees pursuant to 35 U.S.C. § 285, as well as its costs, interest, and an award of enhanced damages pursuant to 35 U.S.C. § 284.

OnePlus contends Pantech is entitled to no more than a reasonable royalty, which for the '247, '839, and '954 patents cannot exceed a fair, reasonable, and non-discriminatory ("FRAND") royalty. OnePlus further contends that any enhanced damages or an award of attorneys' fees in favor of Pantech would be inappropriate, and that Pantech has not shown that an award of pre-judgment or post-judgment interest is proper. OnePlus seeks recovery of its attorneys' fees pursuant to 35 U.S.C. § 285, and its costs.

**D.  CONTENTIONS OF THE PARTIES[2]**

The parties set forth below a summary of their contentions for the October 15, 2024 trial. The parties do not necessarily agree with each other's summaries and contentions and reserve all objections. By providing these contentions, the parties do not waive any position previously briefed, including but not limited to the parties' pending motions *in limine*. Furthermore, the

---

[1] For the purposes of appeal, the Parties dispute the jury's findings and/or the Court's rulings on post-verdict motions to the extent such findings and/or rulings were against the Party.

[2] To the extent they are relevant to the October 15, 2024 Trial and not set forth herein, the Parties incorporate by reference their contentions as set forth in Section D of the Amended Joint Final Pretrial Order, Dkt. No. 228.

parties' contentions in this case are detailed, in part, in their pleadings, discovery responses and deposition testimony, and their motion briefing and responses, which are all incorporated by reference herein.

**Pantech's Statement of Its Contentions for the October 15, 2024 Trial**

1. Pantech contends, based on the OnePlus sales information as reported by IDC, a handset sales data vendor, that a reasonable royalty for past infringement would be due beginning on the date OnePlus was notified about infringement of the Patents-in-Suit. OnePlus sales will have continued from the time these numbers were calculated until trial. Pantech contends it is entitled to revise its reasonable royalty figures to reflect updated sales as reported by IDC. *See* Dkt. No. 378 (Pantech Motion for Partial Reconsideration). Pantech has suffered additional damages from OnePlus's infringement that has continued after the first jury trial and will suffer additional damages if OnePlus's infringement continues post-trial.

2. Pantech contends, based on the sales information OnePlus provided, that a reasonable royalty for past infringement would be due beginning on the date OnePlus was notified about infringement of the Patents-in-Suit. OnePlus sales will have continued from the time these numbers were calculated until trial and thus further updates may be provided in advance of trial. Pantech intends to revise its reasonable royalty figures to reflect updated sales if provided by OnePlus. Pantech has suffered additional damages from OnePlus's infringement that has continued after the first jury trial and will suffer additional damages if OnePlus's infringement continues post-trial.

3. Pantech contends it is entitled to its costs as well as prejudgment interest and post-judgment interest as applicable.

4. Pantech contends that this is an exceptional case warranting an award of attorneys'

fees.

5. Pantech contends that it has complied with 35 U.S.C. § 287 as asserted in this case.

6. Pantech denies that OnePlus is entitled to its costs, a declaration that this case is exceptional, or its attorneys' fees.

7. For the purposes of appeal, Pantech disputes the Court's grant of OnePlus's Motion for Judgment as a Matter of Law that OnePlus does not infringe—willfully, directly, or by inducement—the asserted claims of the '052 patent (Dkt. 300), OnePlus's Motion for Judgment as a Matter of Law of no damages regarding the '052 patent (Dkt. 300), OnePlus's Motion for a New Trial as to damages, and the Court's denial of Pantech's Motion for Leave to Reopen Expert Discovery to Supplement Expert Report (Dkt. 377) and motion for reconsideration thereof (Dkt. 386), and preserves all rights.

**OnePlus's Statement of Its Contentions for the October 15, 2024 Trial**

1. OnePlus contends that Pantech or its predecessors-in-interest identified the subject matter of the '839, '247, and '954 patents and/or their predecessor patents to the standards-setting organizations European Telecommunications Standards Institute ("ETSI") and/or LTE as being essential to certain LTE and/or 5G standards ("standard essential").

2. OnePlus contends that Pantech's commitment obligates Pantech "to grant irrevocable licenses on fair, reasonable, and non-discriminatory terms and conditions" ("FRAND"). DTX 222 at PANTECH_ONEPLUS0639994-95043.

3. OnePlus contends that, for each claim found to be infringed, Pantech cannot carry its burden of proof to show damages. OnePlus further contends that should proof of damages be shown, any damages should be limited to the amount of a reasonable royalty.

4. OnePlus contends that to the extent that the jury determines that damages are

warranted, any reasonable royalty rate based on the '839, '247, and '954 Patents cannot exceed a FRAND rate.

5. OnePlus contends that Pantech is not entitled to enhanced damages pursuant to 35 U.S.C. § 284.

6. OnePlus contends that Pantech is not entitled to costs in this matter.

7. OnePlus contends that Pantech is not entitled to pre-judgment or post-judgment interest in this matter.

8. OnePlus contends that Pantech is not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285.

9. OnePlus contends that it is entitled to an award of its own attorneys' fees and costs pursuant to 35 U.S.C. § 285.

10. For the purposes of appeal, OnePlus disputes the jury's findings in the March 2024 jury verdict and the Court's denial of OnePlus's post-trial Motions for Judgment as a Matter of Law and for a New Trial (D.I. 300) and Motion to Dismiss for Lack of Standing (D.I. 299), and preserves all rights, including with respect to contentions as set forth in the previous Pre-Trial Order (Dkt. 228), including that the Patents-in-Suit are not infringed, that the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112; that the '839, '247, and '954 Patent claims are not infringed due to patent exhaustion; that OnePlus did not and does not willfully infringe any Patents-in-Suit; and that Pantech does not own, and thus lacks standing to enforce, the '839, '954, '052, and '654 Patents-in-Suit.

### E. STIPULATIONS AND UNCONTESTED FACTS

Without waiving any objections, the Parties incorporate by references the stipulations and uncontested facts set forth at Section E of the Amended Joint Final Pretrial Order, Dkt. No. 228.[3] The Parties have been discussing potential additional stipulations relating to the damages period and specific amounts of licensable sales of accused products, but were not able to finalize such stipulations at the time of this filing. The parties will continue to meet and confer on these issues.

**Additional Trial Procedure Stipulations**

The Parties incorporate by reference the Additional Trial Procedure Stipulations set forth at Section E of the Amended Joint Final Pretrial Order, Dkt. No. 228.

### F. CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact that remain to be litigated at the October 15, 2024 trial. The parties do not waive any of their pending or anticipated motions, nor any rights to appeal of issues decided by the March 2024 jury or by the Court. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

**Pantech's Statement of Contested Issues of Fact and Law**

1. The amount of damages to which Pantech is entitled to compensate for infringement of the Patents-in-Suit.

2. Whether Pantech provided OnePlus actual notice of its alleged infringement of the '247 Patent on July 9, 2021.

---

[3] OnePlus maintains that Pantech does not own at least the '839, '954, '052, and '654 Patents. Although the question of ownership of those patents is not at issue in this re-trial, and recognizing that the Court has ruled on this issue (Dkt. 360), OnePlus preserves all rights to appeal the issues of patent ownership and Pantech's standing.

3.    Whether Pantech provided OnePlus actual notice of its alleged infringement of the '839 Patent on January 21, 2021.

4.    Whether Pantech provided OnePlus actual notice of its alleged infringement of the '954 and '654 Patents on June 3, 2022.

5.    Whether Pantech is entitled to enhanced damages, and (if so) the amount of such damages.

6.    Whether Pantech is entitled to attorney's fees, and (if so) the amount of such fees.

7.    Whether Pantech is entitled to costs, and (if so) the amount of such costs.

8.    Whether Pantech is entitled to pre-judgment and post-judgment interest, and (if so) the dollar amount of pre-judgment and post-judgment interest.

9.    Pantech objects to OnePlus's Contested Issues Nos. 4-7, below. OnePlus is requesting, for the first time, that this case result in identification of a FRAND royalty rate for the '839, '247, and '954 Patents and identification of a reasonable royalty rate for the '654 Patent. Pantech did not request to have a rate set in its Prayer for Relief in its Complaint and OnePlus included no request to have a rate set in its Answer to the Complaint. Furthermore, neither damages expert for the Parties included "identification of the proper [FRAND] royalty rate" as among their assignments in this case. The issue at all times has been reasonable royalty damages.

**OnePlus's Statement of Contested Issues of Fact and Law**

In addition to the contested issues identified by Pantech, and without waiving any objection or rights to appeal with respect to issues addressed in the March 2024 Verdict or otherwise

adjudicated by the Court, OnePlus identifies the following contested issues for this re-trial:[4]

1. Whether licensable sales of the Accused Products began on June 3, 2022 (the filing date of the Complaint) with respect to the '247 Patent.

2. Whether licensable sales of the Accused Products began on January 21, 2021 with respect to the '839 Patent.

3. Whether licensable sales of the Accused Products began on June 3, 2022 with respect to the '654 and '954 Patents.

4. The proper FRAND royalty rate to be applied in calculating damages adequate to compensate Pantech for infringement of the '839 standards-essential Patent.

5. The proper FRAND royalty rate to be applied in calculating damages adequate to compensate Pantech for infringement of the '247 standards-essential Patent.

6. The proper FRAND royalty rate to be applied in calculating damages adequate to compensate Pantech for infringement of the '954 standards-essential Patent.

7. The proper royalty rate to be applied in calculating damages adequate to fairly and reasonably compensate Pantech for infringement of the '654 Patent.

8. The proper FRAND measure of damages adequate to compensate Pantech for infringement of the '839 standards-essential Patent.

9. The proper FRAND measure of damages adequate to compensate Pantech for infringement of the '247 standards-essential Patent.

10. The proper FRAND measure of damages adequate to compensate Pantech for

---

[4] As noted above, OnePlus disputes the March 2024 jury verdict and the Court's denial of OnePlus's post-trial motions (Dkt. 299, 300.). While the issues of non-infringement, invalidity, exhaustion, no willfulness, and standing are not at issue for this re-trial, OnePlus preserves all rights for appeal.

infringement of the '954 standards-essential Patent.

  11. The proper measure of damages adequate to fairly and reasonably compensate Pantech for infringement of the '654 Patent.

  12. Whether OnePlus is entitled to attorney's fees, and (if so) the amount of such fees.

  13. Whether OnePlus is entitled to costs, and (if so) the amount of such costs.

**G. LIST OF WITNESSES**

  1. Pantech's Witness List is appended hereto as Exhibit A.

  2. OnePlus's Witness List is appended hereto as Exhibit B.

  3. Pantech's list of deposition designations and OnePlus's counter-designations are appended hereto as Exhibit C.

  4. OnePlus's list of deposition designations and Pantech's counter-designations are appended hereto as Exhibit D.

**H. LIST OF EXHIBITS**

  1. Pantech's Exhibit List is appended hereto as Exhibit E.

  2. OnePlus's Exhibit List is appended hereto as Exhibit F.

**I. LIST OF ANY PENDING MOTIONS**

  1. Plaintiffs Pantech Corporation and Pantech Wireless, LLC's Opposed Motion *in Limine* and Motion to Preclude (Dkt. No. 382).

  2. Defendant OnePlus Technology (Shenzhen) Co. Ltd.'s Motions *in Limine* (Dkt. No. 384).

**J. PROBABLE LENGTH OF TRIAL**

Pantech states that the probable length of trial is two days and requests 4.5 hours per side for direct, cross, and rebuttal examination and 30 minutes per side for opening statements and closing arguments each. OnePlus states that the probable length of trial is one day and requests 2.5

hours per side for direct, cross, and rebuttal examination and 30 minutes per side for opening statements and closing arguments each. The parties further request 45 minutes per side for voir dire.

**K.    MANAGEMENT CONFERENCE LIMITATIONS**

None.

**L.    TRIAL MANAGEMENT PROCEDURES**

The Parties incorporate by reference the Trial Management Procedures set forth at Section L of the Amended Joint Final Pretrial Order, Dkt. No. 228.

**M.    AGREED MOTIONS *IN LIMINE***

The Parties incorporate by reference the Agreed Motions *in Limine* set forth at Section M of the Amended Joint Final Pretrial Order, Dkt. No. 228. Additionally, Plaintiffs and Defendant jointly request the following agreed motions *in limine*:

22.    Preclude Evidence, Testimony, or Argument Relating to Ownership of the Patents-in-Suit or Standing;

23.    Preclude evidence, testimony, or argument that the '247, '954, and '839 Patents are not Standard Essential Patents.

**N.    CERTIFICATIONS**

The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the List of Exhibits herein:

   (a) is in existence;

   (b) is numbered; and

   (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff(s):   /s/ James A. Fussell, III

Attorneys for Defendant(s):   /s/ David M. Airan


Dated: September 26, 2024   By:   /s/ James A. Fussell, III
                                  Geoffrey Culbertson
                                  Kelly Tidwell
                                  PATTON TIDWELL & CULBERTSON, LLP
                                  2800 Texas Blvd. (75503)
                                  Post Office Box 5398
                                  Texarkana, TX 75505-5398
                                  (P) (903) 792-7080
                                  (F) (903) 792-8233
                                  gpc@texarkanalaw.com
                                  kbt@texarkanalaw.com

                                  James A. Fussell, III
                                  Jamie B. Beaber
                                  Alan M. Grimaldi
                                  Saqib J. Siddiqui
                                  Tiffany A. Miller
                                  Baldine Paul
                                  Clark S. Bakewell
                                  Tariq Javed
                                  Seth W. Bruneel
                                  Courtney Krawice
                                  MAYER BROWN LLP
                                  1999 K Street, N.W.
                                  Washington D.C. 20006
                                  (202) 263-3000
                                  jfussell@mayerbrown.com

jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
ssiddiqui@mayerbrown.com
tmiller@mayerbrown.com
bpaul@mayerbrown.com
cbakewell@mayerbrown.com
tjaved@mayerbrown.com
sbruneel@mayerbrown.com
ckrawice@mayerbrown.com

Graham (Gray) M. Buccigross
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC*


*/s/ David M. Airan*
LEYDIG, VOIT & MAYER, LTD.
David M. Airan (lead counsel)
Wesley O. Mueller
Robert T. Wittmann
Paul J. Filbin
Leonard Z. Hua
Christopher J. Gass
John K. Winn
Nicole E. Kopinski
Pei Chen
Two Prudential Plaza
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601
(312) 616-5600
dairan@leydig.com

lhua@leydig.com
cgass@leydig.com

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654
Telephone (903) 657-8540
Facsimile (903) 657-6003

*Attorneys for Defendant*
*OnePlus Technology (Shenzhen) Co., Ltd.*

## CERTIFICATE OF SERVICE

    The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of September, 2024, with a copy of this document via electronic mail pursuant to Local Rule CV-5(d).

*/s/ James A. Fussell, III*
James A. Fussell, III
