# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC, | |
| Plaintiffs, | |
| v. | Civil Action No. 5:22-cv-00069-RWS |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | |
| Defendant. | |

## JOINT MOTION TO REDACT THE TRIAL TRANSCRIPTS
### (DKT. 430, 432, 434)

Pursuant to the Court's Notices of Filing of Official Transcripts (Dkt. 430, 432, 434), Plaintiffs Pantech Corporation and Pantech Wireless, LLC ("Pantech") and Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") jointly move to redact certain confidential information contained in the Public Trial Transcripts (Dkt. 430, 432, 434), dated from October 15, 2024 to October 17, 2024. The parties' proposed redactions are described below and further outlined in Exhibits A–C.

Good cause exists for these redactions. The proposed redactions cover portions of the public Trial Transcripts that relate to the following four categories of confidential information, including information that the Court has found good cause to maintain under seal (*see, e.g.,* Dkt. 289, Dkt. 239):

1. **Confidential business information regarding Pantech's and OnePlus's license agreements / Confidential business information regarding agreements entered into by Pantech or a Prior Patent Owner**. The Parties seek redaction of certain confidential information related to agreements entered into the by Pantech, OnePlus, or a prior owner of the Asserted Patents. The information in these agreements does not belong solely to the Parties but also to the third parties who

are parties to the agreements (in certain instances, neither Pantech or OnePlus are a party to the agreement). These agreements have not been publicly disclosed and, indeed, many of the agreements contain confidentiality provisions explicitly prohibiting public disclosure of the agreements or terms thereof. Moreover, the Parties have preserved the confidentiality of these agreements, by for example, marking these agreements as "Attorney's Eyes Only" under the Protective Order. The confidential information in these agreements has economic value and the parties to the agreements have legitimate, competitive and business interests in preventing public disclosure. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202, Docket No. 192 at 5 (E.D. Tex. Feb. 1, 2017) (noting that confidential license information is a "categor[y] of information" that is "entitled to protection from disclosure."). Furthermore, the Court has permitted the parties to redact and/or seal confidential business information regarding license agreements with third parties. *See, e.g.*, Dkt. 298 at 6 (allowing redaction for OnePlus's confidential licensing information in Tr. 718:1–9 (Mar. 27, 2024)); Dkt. 289 at 1–2; Dkt. 239. The Parties have also endeavored to redact as little information as possible regarding the agreements. Therefore, good cause exists to redact portions of the public Trial Transcripts that relate to or discuss those agreements.

The portions of the transcripts that the Parties seek to seal under this category are as follows:

- [Dkt. 430, Day 1]: 9:2, 9:3, 12:7, 12:23-24, 190:2-4, 195:24, 196:1, 196:8, 196:14, 196:16, 196:20, 196:24, 197:10, 197:15, 197:17, 198:3, 198:7, 198:12, 259:15, 259:16, 261:3, 261:15, 261:16, 262:11.

- [Dkt. 432, Day 2]: 380:16, 383:2, 389:22, 389:24-25, 393:18, 395:3, 395:7, 395:11, 395:12, 395:14-15, 395:19-20, 395:21, 396:10, 396:11, 396:19.

- [Dkt. 434, Day 3]: 420:1, 424:10-11, 424:14, 424:21, 425:10, 425:16, 444:19, 444:25, 473:11-12, 473:14-18, 473:21-23, 475:25, 477:1-2, 477:4, 477:5-7, 477:10-11, 477:13-14, 477:20, 477:22, 477:23, 478:1, 481:17, 481:18, 481:24-25, 482:5-6, 482:15, 484:3, 484:7-12, 484:14-15, 485:1, 485:10-14, 485:17, 485:22, 485:25, 486:3-9, 486:14, 487:3, 487:8, 487:11, 487:13, 488:7, 490:10, 490:24-25, 491:17-18, 492:4, 492:5-6, 492:8-9, 492:10, 492:11-12, 492:17-18, 492:18-19, 493:1, 493:2, 493:3-4, 493:10, 493:22, 496:9, 496:10, 502:3, 505:14, 505:15, 505:16.

2. **Confidential information regarding patent acquisition**. Pantech seeks to redact information disclosing the amount paid by Pantech Corp. and Pantech Wireless to acquire the patents portfolios that include the patents in suit. The information in these agreements does not belong solely to Pantech but also to the third parties who assigned the patents. The amounts paid have not been publicly disclosed. Like confidential information in license agreements, these amounts have economic value and the parties to the acquisition agreements have legitimate, competitive and business interests in preventing public information. *See, e.g., Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202, Docket No. 192 at 5 (E.D. Tex.

2

Feb. 1, 2017) (noting that confidential license information is a "categor[y] of information" that is "entitled to protection from disclosure."). Pantech's proposed redactions are narrowly limited to the amounts, and not to the discussion of acquisitions generally.

The portions of the transcripts that the Parties seek to seal under this category are as follows:

- [Dkt. 430, Day 1]: 213:21, 213:24, 214:3, 214:9, 214:12, 214:13, 214:14, 214:19.

**3. Confidential sensitive licensing strategy information**. OnePlus seeks to redact information that constitutes confidential sensitive licensing strategy information. The Court found good cause to seal trial exhibits containing confidential negotiation correspondence between the parties that reflects sensitive licensing strategy information. Dkt. 289 at 1–2. Accordingly, there is good cause to redact portions of the Trial Transcripts that implicate OnePlus's licensing strategy. S*ee Blue Yonder Grp., Inc. v. Kinaxis, Inc*., No. 3:20-CV-03636-K, 2024 WL 4593005, at *27 (N.D. Tex. Oct. 28, 2024) (sealing licensing strategy information.

The portions of the transcripts that the Parties seek to seal under this category are as follows:

- [Dkt. 432, Day 2]: 330:13-23

- [Dkt. 434, Day 3]: 471:7-8, 471:11-21, 471:24

**4. Confidential information regarding OnePlus's sales and financial information**. OnePlus seeks to redact confidential information relating to OnePlus's sales and financial information. The Court has found good cause to seal OnePlus's confidential sales and financial information *See, e.g*., Dkt.298 at 5 (sealing information relating to OnePlus's sales at Tr. 665:11–15 (Mar. 27, 2024)). Accordingly, there is good cause to redact portions of the Trial Transcripts that reflect such information, even if such information was collected and/or complied by the International Data Corporation ("IDC") . *See Apple, Inc. v. Samsung Elecs*. Co., No. 11-CV-01846-LHK, 2013 WL 3855529, at *2 (N.D. Cal. July 24, 2013) (sealing data and analysis from the IDC relating to the telecommunications market).

The portions of the transcripts that the Parties seek to seal under this category are as follows:

- [Dkt. 430, Day 1]: 9:23, 10:10-16, 11:5-6, 197:1-3

The Parties' proposed redactions to the Trial Transcripts, as outlined in Exhibits A-C, are

tailored as narrowly as possible to avoid disclosure of confidential information.  Furthermore, the

Parties' interest in preserving confidentiality of the information outweighs the any public interest in access.

For the foregoing reasons, the Parties request that the Court grant this motion to redact the public Trial Transcripts, as proposed in Exhibits A-C. The Parties further request that the sealed Trial Transcripts remain under seal, at least until further guidance is provided by the Court.


Dated: November 7, 2024          By:     /s/ James A. Fussell, III
                                         Geoffrey Culbertson
                                         Kelly Tidwell
                                         PATTON TIDWELL & CULBERTSON, LLP
                                         2800 Texas Blvd. (75503)
                                         Post Office Box 5398
                                         Texarkana, TX 75505-5398
                                         (P) (903) 792-7080
                                         (F) (903) 792-8233
                                         gpc@texarkanalaw.com
                                         kbt@texarkanalaw.com

                                         James A. Fussell, III
                                         Jamie B. Beaber
                                         Alan M. Grimaldi
                                         Saqib J. Siddiqui
                                         Tiffany A. Miller
                                         Baldine Paul
                                         Clark S. Bakewell
                                         Tariq Javed
                                         Seth W. Bruneel
                                         Courtney Krawice
                                         MAYER BROWN LLP
                                         1999 K Street, N.W.
                                         Washington D.C. 20006
                                         (202) 263-3000
                                         jfussell@mayerbrown.com
                                         jbeaber@mayerbrown.com
                                         agrimaldi@mayerbrown.com
                                         ssiddiqui@mayerbrown.com
                                         tmiller@mayerbrown.com
                                         bpaul@mayerbrown.com
                                         cbakewell@mayerbrown.com

tjaved@mayerbrown.com
sbruneel@mayerbrown.com
ckrawice@mayerbrown.com

Graham (Gray) M. Buccigross
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

Gregory J. Apgar
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and
Pantech Wireless, LLC*

*/s/ Christopher J. Gass*
David M. Airan (lead counsel)
Wesley O. Mueller
Robert T. Wittmann
Paul J. Filbin
Leonard Z. Hua
Christopher J. Gass
John K. Winn
Nicole Kopinski
Pei Chen
Michael J. Schubert
James W. Sanner
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, IL 60601

(312) 616-5600
dairan@leydig.com
wmueller@leydig.com
bwittmann@leydig.com
pfilbin@leydig.com
lhua@leydig.com
cgass@leydig.com
jwinn@leydig.com
nkopinski@leydig.com
rchen@leydig.com
mschubert@leydig.com
jsanner@leydig.com

Richard L. Rainey
Peter A. Swanson
Kevin B. Collins
Justin W. Burnam
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-5565
Facsimile: (202) 778-5565
RRainey@cov.com
PSwanson@cov.com
KCollins@cov.com
JBurham@cov.com

G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone (903) 657-8540
Facsimile  (903) 657-6003

*Attorneys for Defendant*
*OnePlus Technology (Shenzhen) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on November 7, 2024 with a copy of this document via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ James A. Fussell, III*
James A. Fussell, III

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rule CV-7(h), the parties conferred on this motion and they jointly agree to the filing of and relief sought by this motion.

*/s/ James A. Fussell, III*
James A. Fussell, III

1